**Edwin ROMAN–MARTINEZ and Maribel Torres–Correa, Conjugal Partnership Composed of Edwin Roman–Martinez and Maribel Torres–Correa, Plaintiffs, Appellants,**

v.

**Mervin T. RUNYON, Postmaster General, United States Postal Service, Defendant, Appellee.**

No. 95–2253.

United States Court of Appeals, First Circuit.

Heard June 3, 1996.

Decided Nov. 18, 1996.

---

Carlos A. Del Valle Cruz, Mayagues, PR, for plaintiffs, appellants.

David G. Karro, Attorney, United States Postal Service, Falls Church, VA, with whom Guillermo Gil, United States Attorney, Fidel A. Sevillano Del Rio, Assistant United States Attorney, Hato Rey, PR, and R. Andrew German, Managing Counsel, Legal Policy, Washington, DC, were on brief, for defendant, appellee.

Before TORRUELLA, Chief Judge, CAMPBELL, Senior Circuit Judge, and LYNCH, Circuit Judge.

LEVIN H. CAMPBELL, Senior Circuit Judge.

This appeal is from a civil action brought against the Postmaster General in the United States District Court for the District of Puerto Rico by Roman–Martinez, a former postal employee. Shortly after ceasing to work for the Postal Service, Roman–Martinez complained administratively to the Postal Service that, while employed, he had been discriminated against because of his handicap in violation of his rights under The Rehabilitation Act of 1973, 29 U.S.C. § 794 *et seq.* (1985). After pursuing, without success, the prescribed course of administrative remedies within the Postal Service and before the Equal Employment Opportunity Commission (EEOC), Roman–Martinez instituted the current *de novo* judicial action under section 717 of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–16(c) (1994). The district court entered summary judgment for the Postmaster General and refused to allow Roman–Martinez to file an amended complaint. We affirm.

## I.

Roman–Martinez was honorably discharged from the United States Army in 1981. The Veterans Administration found that he had a ten percent service-connected disability based upon hepatitis and a ten percent disability based upon lumbar sprain. In 1987, he went to work for the Postal Service under the disabled veterans' preference provisions, *see* 5 U.S.C. §§ 3309, 3313(2)(A) (1996).

Initially employed as a labor custodian—a job which Roman–Martinez alleges was unsuitable because he was unfit to do heavy lifting and carrying—he soon became a distribution clerk. However, Roman–Martinez contends that his new supervisor's refusal to assign him light-duty functions caused him to injure his back.

A medical examiner for the Postal Service found that Roman–Martinez was unable to carry anything over ten pounds, placed him on limited duty and recommended that he be transferred to Ponce, near his home. The transfer to Ponce took place in January of 1988.

About the same time, Roman–Martinez filed a claim for workers' compensation with the United States Department of Labor. The Postal Service opposed the granting of workers' compensation, denying that Roman–Martinez's back injury had been work related. On February 16, 1988, his claim was initially disallowed for lack of supporting medical data. That same day, Roman–Martinez, having aggravated his back injury, saw a doctor who found him to be totally disabled.

A few days later, Roman–Martinez confronted his supervisor, Bernie Sprolito, with the letter denying his workers' compensation claim. Sprolito allegedly told Roman–Martinez that he had to surrender whatever had been paid to him under the claim, and that, notwithstanding Dr. Martin's medical report indicating total disability, he had to return to work or face discharge for absenteeism.

As a result of his conversation with Sprolito, Roman–Martinez continued to work at the Ponce office although allegedly suffering from severe pain. He also began feeling persecuted and harassed by Postal Service employees, causing him, he says, to become mentally ill.

Following an appeal, the United States Department of Labor reopened Roman–Martinez's workers' compensation case and, on June 13, 1988, determined that his back injury had been work related.

In mid–1989, he was found to have a schizophrenic-type disorder and was treated with psychotherapy and antipsychotic agents. A psychiatrist described him as being suspicious, hostile and agitated.

Roman–Martinez's bargaining agent, the American Postal Workers Union (APWU), filed two grievances on his behalf. In one, the APWU alleged that the Postal Service had violated the collective bargaining agreement by assigning him fewer hours than other part-time flexible employees. In the other, the APWU claimed that the Postal Service had failed to place him on the clerk's seniority list at the Ponce office. The APWU and the Postal Service settled both grievances shortly thereafter.

In June of 1990, Roman–Martinez stopped working for the Postal Service altogether, asserting that he had become totally incapacitated.

Not fully satisfied with the settlement of his grievances, Roman–Martinez contacted a Postal Service EEO counsellor on September 24, 1990, and argued that the Postal Service's refusal to give him a full complement of working hours and to place him on the clerk's seniority list had constituted discrimination on the basis of his physical disability. On November 7, 1990, he filed with the Postal Service a formal administrative complaint of such discrimination. In a final decision dated May 14, 1991, the Postal Service rejected Roman–Martinez's administrative complaint on the ground, among others, that he had failed to bring the allegedly discriminatory act to the attention of an Equal Employment Opportunity (EEO) counsellor within thirty days of its occurrence, as required by the relevant regulation, 29 C.F.R. § 1613.214(a)(1)(i) (1995).

Roman–Martinez appealed to the EEOC from the Postal Service's ruling. The

EEOC, in January 1992, affirmed the Postal Service's determination that Roman–Martinez's claim was untimely because of his failure to have brought it to the attention of an EEO counselor within the thirty-day period. The EEOC thereafter denied a request from Roman–Martinez to reopen its decision.

On July 2, 1992, Roman–Martinez, his wife and their conjugal partnership brought this civil action *pro se* in the United States District Court for the District of Puerto Rico.[1] After the district court had appointed counsel, 42 U.S.C. § 2000e–5(f)(1) (1994), Roman–Martinez filed an amended complaint in mid-April 1993.

In 1995, the district court entered an order granting the Postmaster General's motion for summary judgment, and dismissing Roman–Martinez's amended complaint. This appeal followed.

## II.

The parties seem to agree, as do we, that the statutory basis for Roman–Martinez's action is 42 U.S.C. § 2000e–16(c) (1994). Such an action confers upon the federal complainant the same right to a trial *de novo* as is enjoyed by private sector and state government employees under the amended Civil Rights Act of 1964. *Chandler v. Roudebush,* 425 U.S. 840, 96 S.Ct. 1949, 48 L.Ed.2d 416 (1976). A district court does not simply engage in "substantial evidence" review, or the like, based upon the administrative record. *Id.* at 858, 863, 96 S.Ct. at 1958, 1960–61. On the other hand, as a prerequisite to *de novo* trial in the district court, a federal employee must first have exhausted the administrative remedies provided. *See Brown v. General Serv. Admin.,* 425 U.S. 820, 832, 96 S.Ct.

1961, 1967–68, 48 L.Ed.2d 402 (1976); *Jensen v. Frank,* 912 F.2d 517, 520 (1st Cir.1990); *see, e.g., McGuinness v. United States Postal Serv.,* 744 F.2d 1318, 1320 (7th Cir.1984).

Here, the district court granted the defendants summary judgment, a determination we review *de novo,* scrutinizing the entire record in the light most favorable to the nonmovant, and indulging all reasonable inferences in that party's favor. *Maldonado–Denis v. Castillo–Rodriguez,* 23 F.3d 576, 581 (1st Cir.1994).

## III.

The Rehabilitation Act of 1973, 29 U.S.C. § 794 *et seq.* (1985), prohibits discrimination against any otherwise qualified handicapped individual solely by reason of his or her handicap.[2] The Act incorporates the rights, remedies, and procedures set forth in the Equal Employment Opportunity Act. *See* Civil Rights Act of 1964, Sections 717, 706(f)-(k), 42 U.S.C. §§ 2000e–16, 2000e–5 (f)-(k) (1994).

Section 717 of Title VII does not set out the procedures, nor does it prescribe a limitations period, for the filing of grievances by a federal employee affected by an alleged unlawful practice. But it grants to the EEOC authority to "issue such rules, regulations, orders and instructions as it deems necessary and appropriate to carry out its responsibilities under this section." 42 U.S.C. § 2000e–16(b) (1994). Pursuant to this authority, the EEOC issued regulations published in 29 C.F.R. § 1613.214 (1995), which provided, in part:[3]

(a) Time Limits. (1) ... The agency may accept the complaint for processing ... only if:

handicap, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service ..."

---

1. The complaint includes Torres–Correa, Roman–Martinez's wife, and their conjugal partnership as plaintiffs. There is, however, no indication in the record that Torres–Correa was an employee of the Postal Service, or an applicant for such employment. They were, therefore, outside the categories of persons authorized to sue under 42 U.S.C. § 2000e–16(c) (1994), which appears to be the statutory basis for Roman–Martinez's current suit.

2. 29 U.S.C. § 794 (1985) provides: "No otherwise qualified handicapped individual in the United States ... shall, solely by reason of his

3. The quoted regulations were applicable to Roman–Martinez's administrative complaints made in 1990. In regulations effective in 1992, the period for contacting the EEO counsellor was extended from 30 to 45 days. 29 C.F.R. § 1614.105(a)(1) (1995).

(i) The complainant brought to the attention of the Equal Employment Opportunity Counsellor the matter causing him/her to believe he/she had been discriminated against within 30 calendar days of the date of the alleged discriminatory event, the effective date of an alleged discriminatory personnel action, or the date that the aggrieved person knew or reasonably should have known of the discriminatory event or personnel action; ...

(4) The agency shall extend the time limits in this section when the complainant shows that he/she was not notified of the time limits and was not otherwise aware of them, was prevented by circumstances beyond the complainant's control from submitting the matter within the time limits; or for other reasons considered sufficient by the agency.

The Postal Service and the EEOC both found that Roman–Martinez had failed to bring "the matter causing [him] to believe [he] had been discriminated against" to the attention of the Postal Service's EEO counsellor within the thirty-day period prescribed in the above regulation. On the then undisputed assumption that he had first presented his complaints to EEO counsellor López on September 24, 1990, the Postal Service and the EEOC determined that presentation on that date was plainly too late. As Roman–Martinez had, indeed, ceased to work for the Postal Service during the previous June 1990, the effective date of the personnel actions he challenged—the refusal to give him a full complement of working hours and to place him on the seniority list—would seem necessarily to have occurred more than thirty days before the September 24 meeting.

Agreeing that Roman–Martinez had indisputably failed to meet the thirty-day requirement, the district court held that he was barred from proceeding with this civil action. The court based its ruling on precedent in this circuit, and elsewhere, that a federal employee's failure to contact an EEO counsellor within the thirty-day period, or some valid extension allowed under the above-quoted regulations, causes him to lose his right to pursue a later *de novo* action in court. *Jensen,* 912 F.2d at 520; *Johnson v. United States Treasury Dept.,* 27 F.3d 415, 416 (9th Cir.1994).

On appeal Roman–Martinez raises several points which we now discuss.

1. *Alleged Invalidity of Regulation Requiring Federal Employees to Bring Complaint to EEO Counsellor within Thirty Days*

Roman–Martinez argues that requiring federal employees to consult with their agency's EEO counsellor within thirty days forces compliance with time limits so unreasonably short as to violate the statutory mandate. Congress's intent, he says, was to provide federal employees, when victimized by discrimination, with remedies identical to those of state, municipal and private employees. The latter, he points out, are allowed 180 days within which to file a complaint before the EEOC. 42 U.S.C. § 2000e–5(e)(1) (1994).

Congress, however, refrained from legislatively subjecting federal employees to the six-month period provided for other sorts of employees. Rather, it delegated to the EEOC the authority to regulate the bringing of claims by federal employees. The thirty-day regulation forces federal employees to try to conciliate their grievances promptly before seeking more formal administrative relief within the agency and before the EEOC. Unlike the 180–day provision, the thirty days is not the period within which the formal complaint must be filed, but rather is the period within which the grievance must be presented for conciliation. If that fails, a further brief period for filing the formal complaint is afforded. In any case, the challenged procedures for federal employees were in continuous effect for nearly twenty years before appellant's claim arose.[4] The thirty-day time limit has been accepted and enforced without criticism in cases litigated before the lower federal courts, including this one. *See, e.g., Jensen,* 912 F.2d at 520. We note, also, that the Supreme Court has ap-

---

**4.** Throughout this period, the time for federal employees to present their claims for counselling was 30 days or less. *Compare* 5 C.F.R. § 713.214(a)(1)(i) (1972) *with* 29 C.F.R. § 1613.214(a)(1)(i) (1992).

plied time limitations of equal duration to the ones at issue in this case. *See Irwin v. Dept. of Veterans Affairs,* 498 U.S. 89, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990) (applying the pre–1991 thirty-day limitations period for filing Title VII civil actions); *Brown,* 425 U.S. at 820, 96 S.Ct. at 1961–62 (same). Had Congress wished to tie federal employees into the 180 days established for other categories of claimants, it could easily have done so. And, of course, it remains open to Congress at any time, should it so wish, to legislate time limits different from those established by the EEOC. We see no justification for us to override these well-established procedures set by the EEOC pursuant to congressional authority.

Nor can we see anything so unreasonable in the relevant EEOC regulations as to violate the equal protection clause of the federal Constitution or to violate the requirements of due process. Congress often regulates federal employees differently from other categories of persons; there is nothing grossly unfair or arbitrary about the challenged regulations. We accordingly uphold the district court's rejection of appellant's attack on the validity of the time limits in question.

### 2. *Roman–Martinez's Contention that He Earlier Brought this Claim to the EEO Counsellor's Attention*

■ When Roman–Martinez sued in district court, he asserted there, for the first time, that he had contacted EEO counsellor López prior to September 24, 1990, hence had complied with the thirty-day requirement. Before considering this contention, we examine the administrative record.

The EEOC, in its initial administrative decision reviewing the Postal Service's rejection of Roman–Martinez's claims, upheld the Postal Service's conclusion that by waiting until September 24, 1990, Roman–Martinez had failed timely to seek EEO counselling. Roman–Martinez thereafter asked the EEOC to reconsider that decision, tendering as a justification for his delay a psychiatrist's statement that on September 24, 1990, the "high levels of neuroleptic, anxiolitics, antidepressive medications" prescribed for his

mental disorder "limited almost completely" his functional level.

The EEOC declined to reopen the case. It noted that while appellant complained that the EEOC's prior decision involved an erroneous interpretation of law, he presented no arguments at all to support that allegation, and "has not even addressed the substance of the EEOC's appellate decision." The psychiatrist's statement itself was held "not new because it was available and could have been presented when appellant initially appealed" to the EEOC. The statement did not, furthermore, address Roman–Martinez's ability to have sought timely EEO counselling before September 24, 1990.

In opposing summary judgment before the district court, Roman–Martinez did not renew the above contention that his failure to seek EEO counselling earlier had been justified because of the medications provided for his mental condition. Instead, he raised an issue not presented during the administrative proceedings, namely, that he had in fact sought EEO counselling prior to the untimely September 24, 1990, meeting.

In an affidavit filed in the district court action, Roman–Martinez asserted that he had contacted EEO counsellor López "twice via telephone prior to September 24, 1990, at some period of time between October 1989 and June 1990, to communicate the discrimination I was being subjected to at the Poncé Post Office by Postmaster Oscar Rivera, among others." The affidavit went on to report that "López told me that she would speak to Oscar Rivera to see what could be done about the situation." Roman–Martinez now claims that this new contention raises a factual issue on which he was entitled to have a trial in the district court.

The district court rejected the above contention. Citing *Theard v. United States Army,* 653 F.Supp. 536, 541 (M.D.N.C.1987), the court ruled that plaintiff's affidavit failed to establish that sufficient facts were brought to López's attention "such that the counsellor should have reasonably concluded that the employee was seeking to resolve, through EEO channels, an allegation of discrimination." The court noted the absence of any

reference in the alleged phone discussions with López to specific personnel actions.

We are inclined to agree with the district court that Roman–Martinez's affidavit was insufficiently clear to create a genuine issue of fact over whether he made an adequate presentation to an EEO counsellor prior to September 24, 1990. Except for saying he communicated "the discrimination I was being subjected to at the Poncé Post Office by Postmaster Oscar Rivera," appellant does not describe the nature of what he told López. Other evidence indicates that during this period Roman–Martinez was protesting, among others, the alleged violations of the union contract and the denial of his workers' compensation claim, leaving it unclear if in the alleged conversations with the Postal Service's EEO counsellor Roman–Martinez made a recognizable claim of handicap discrimination. The counsellor denied having received any such claims prior to September 24, and even when appellant's affidavit is interpreted in a light most favorable to appellant, the substance of the claims actually conveyed cannot be ascertained.

But while, therefore, the district court may well be right that Roman–Martinez's affidavit did not suffice to raise a genuine issue of fact, we do not decide on that basis alone. Even supposing the affidavit were adequate to raise a factual issue, there is the additional problem, also noted by the district court, that Roman–Martinez never took the position before the Postal Service or the EEOC that he had presented his claim of handicap discrimination to an EEO counsellor prior to September 24, 1990. Throughout the administrative proceedings, the apparently unchallenged date of his first presentation to an EEO counsellor was September 24, 1990. Far from questioning this date, Roman–Martinez sought to justify his failure to have acted sooner by presenting a psychiatrist's letter stating that, being heavily medicated on September 24, 1990, his functional levels were "limited almost completely." The EEOC refused to reopen in order to consider this evidence, saying that the psychiatrist's statement was not material to claimant's ability to have sought timely counselling in the relevant earlier periods, and anyway came too late. Roman–Martinez thereupon abandoned this contention when he sued in the district court. He did not mention it in his opposition to the motion for summary judgment nor in his statement of controverted facts. Rather, for the first time, he asserted the new and different proposition that he had actually presented his claim of handicap discrimination to an EEO counsellor prior to September 24, 1990, during telephone calls allegedly made between October 1989 and June 1990 to EEO counsellor López.

We agree with the district court that Roman–Martinez, having never presented it during the administrative proceedings, may not raise this new factual contention in court proceedings for the first time. To be sure, the exhaustion requirement should be applied with reasonable restraint where Congress has conferred the right to a *de novo* trial. Nonetheless, the Supreme Court has described the present statutory scheme as "a careful blend of administrative and judicial enforcement powers." *Brown*, 425 U.S. at 833, 96 S.Ct. at 1968. The lower federal courts have consistently found a duty in proceedings of this character to pursue and exhaust administrative remedies prior to the *de novo* trial. *Jensen*, 912 F.2d at 520; *McGuinness*, 744 F.2d at 1320. We do not think that appellant may, for the first time, present to a judicial fact finder a key factual issue which he did not raise during prior agency proceedings and which, indeed, runs counter to assumptions (i.e. the September 24 date) that he seemingly accepted throughout the agency proceedings.

We hold, therefore, that the district court properly refused to consider Roman–Martinez's new-found assertion of having sought EEO counselling at an earlier time. That argument was not exhausted before the administrative tribunals having jurisdiction to grant relief to appellant.

For the same and additional reasons, the district court properly rejected Roman–Martinez's assertion that he had timely presented his claims because he had earlier relayed them to Bernie Sprolito, his supervisor and manager of the People with Handicap Program at the Poncé Post Office. Not only was this contention not brought up during the

course of the administrative proceedings, but it also falls short of demonstrating, even if proven, timely compliance with the thirty-day requirement. Bernie Sprolito was not the EEO counsellor, nor did appellant present any evidence that Bernie Sprolito was ever held out to him as being the EEO counsellor. *See Jensen,* 912 F.2d at 521 (appellant "must allege and prove ... that the employer actively misled him and that he relied on the misconduct to his detriment"). Nor has appellant asserted that he lacked notice of the correct procedures and time limits. We find nothing in the reference to the conversations with Bernie Sprolito that excuses noncompliance with the thirty-day time limit.

3. *Dismissal of Amended Complaint*

■ Roman–Martinez argues that the district court erred in dismissing his amended complaint. The district court held that the amended complaint would not survive a motion to dismiss for failure to exhaust administrative remedies. We hold that the court was correct.

The Supreme Court held in *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962), that a party ought ordinarily to be given an opportunity to test his claim on the merits. However, the Court also noted exceptions to this rule as where prejudice to the amending party's adversary is shown or where the proposed amendment would constitute no more than a futile exercise. *Id.; see also Correa–Martinez v. Arrillaga–Belendez,* 903 F.2d 49, 59 (1st Cir.1990); *Kay v. New Hampshire Democratic Party,* 821 F.2d 31, 34 (1st Cir.1987). The latter exception applies here.

Roman–Martinez filed his formal complaint of discrimination on November 7, 1990. On December 7, 1990, the Postal Service sent him a letter outlining the issues that the investigation would cover, and inviting him to respond if he disagreed with the scope of the investigation. Appellant responded in a letter dated December 13, 1990, setting forth ten allegations of discrimination dating back to his first year with the Postal Service. Of these, most were new to those presented in the original complaint, although the latter were also listed.

If he wished to pursue the new allegations, Roman–Martinez was required to initiate a new complaint covering them. He filed a second, informal, administrative complaint doing so, but never got around to filing and pursuing a formal administrative complaint incorporating the new items. Instead, without ever having taken steps to achieve administrative redress, he waited and eventually transferred the contents of the stillborn administrative complaint into his amended judicial complaint.

On these facts, it was clear to the district court that the new items inserted into the amended judicial complaint were not only untimely because (like the original items discussed above) they dealt with incidents that occurred well before the appellant's first contact with an EEO counsellor, but were unripe for adjudication because they were never made the subject of a formal administrative complaint and proceedings. To hold otherwise would allow appellant to circumvent the exhaustion requirement imposed on all who bring claims of handicap discrimination in federal court. *See Jensen,* 912 F.2d at 520. In these circumstances, allowing the amended complaint to be filed would have been a futile exercise since, as the district court correctly stated, it would have been subject to a successful motion to dismiss for failure to exhaust administrative remedies.

*Affirmed.*