Deborah BRIGGS, Plaintiff,

v.

William J. HENDERSON, Postmaster General, United States Postal Service Agency and Robert Andrews, Defendants.

No. 3:97 CV 2072(GLG).

United States District Court, D. Connecticut.

Jan. 12, 1999.

Angelo Cicchiello, Law Offices of Angelo Cicchiello, Hartford, CT, for plaintiff.

Carolyn Ikari, Assistant U.S. Attorney, Hartford, CT, for defendant Henderson.

Theodore R. Paulding, Jr., South Windsor, CT, for defendant Andrews.

## OPINION

GOETTEL, District Judge.

This case arises from the alleged workplace sexual harassment of plaintiff Deborah Briggs by a co-worker, Robert Andrews. As a Postal Service employee, plaintiff was required to pursue her grievances through administrative channels applicable to employees of federal government agencies. Defendant William J. Henderson, Postmaster General of the U.S. Postal Service Agency, has moved to dismiss the counts against him in plaintiff's complaint because he contends that plaintiff did not exhaust her administrative remedies. Specifically, defendant claims that plaintiff did not timely contact an Equal Employment Opportunity ("EEO") Counselor. For the reasons discussed below, defendant's motion is DENIED. We presume familiarity with this Court's previous rulings, and we rely on those decisions for relevant background facts and legal principles.

The EEOC regulation at issue provides that "[a]n aggrieved person must initiate contact with [an EEO] Counselor within 45 days of the date of the matter alleged to be discriminatory ..." 29 C.F.R. § 1614.105(a)(1). Here, there is no dispute that plaintiff did not actually speak with an EEO Counselor until April 23, 1996, which was more than forty-five days after the last alleged discriminatory event that occurred on January 31, 1996. Plaintiff did, however, meet with her two supervisors, Holly Lee and Robert

Helme, on January 31, 1996 to report her co-worker's behavior. The parties agree that this meeting took place and that plaintiff was told management would investigate the matter and take appropriate action against the co-worker, if necessary. Lee Decl., Def.'s Mem.Ex. B, ¶¶ 6–7; Helme Decl., Def.'s Mem.Ex. C, ¶¶ 5–6; Briggs' Aff., Pl.'s Mem. Ex. G, ¶¶ 16–20. After the January 31 meeting, plaintiff filed a grievance with her union steward and saw a therapist through the Employee Assistance Program ("EAP"). According to plaintiff, on or about February 2, 1996, she also reported the sexual harassment to the postal police and met with Peter Kelly who is in the crisis prevention division. Briggs' Aff., Pl.'s Mem.Ex. G, ¶ 27.

Plaintiff contends that the January 31 meeting should be deemed a request for an EEO counseling. By contacting Holly Lee, Robert Helme, her union steward, the official at crisis prevention, the postal police, and the EAP, plaintiff asserts that she put the Postal Service on notice of the alleged sexual harassment. Plaintiff relies on two EEOC rulings which held that an aggrieved employee's contact with management officials to report a claim of discrimination is, in effect, a request for EEO counseling. *Guerra v. Runyon*, App. No. 01944190, 1994 WL 744965 (E.E.O.C. Nov. 9, 1994); *Kemer v. Austin, General Servs. Admin.*, App. No. 05910779, 1992 Fed. Equal Opportunity Rep. ¶ 923199 (E.E.O.C. Dec. 30, 1991).

In *Kemer*, the employee had written letters to the Chief of the Employment Branch and Regional Handicapped Coordinator and to the agency's Regional Administrator describing his potential handicap discrimination claim. The EEOC held that:

[a]lthough the agency officials contacted were not technically EEO Counselors, the agency should have responded to these letters by advising appellant exactly who to contact with his allegations of discrimination. The agency failed to so advise appellant; therefore, the Commission finds that the agency improperly rejected appel-

lant's complaint for failure to timely seek EEO counseling, based on our conclusion that appellant clearly attempted to seek counseling [within thirty days].[1]

1992 Fed. Equal Opportunity Rep. ¶ 923199, at XII–593. Thus, the EEOC found that the employee had put the agency on notice, within thirty days of the allegedly discriminatory events, that he was attempting to raise allegations of handicap discrimination.

*Guerra* more closely resembles the facts at issue here. Guerra had initially contacted management officials regarding her sex and race discrimination claims. Her employer, the Postal Service, argued that she had failed to timely seek EEO counseling. The EEOC disagreed and found that her contact with management officials to make an allegation of discrimination was effectively a request for EEO counseling. 1994 WL 744965, at *2.

▇ In addition to *Kemer* and *Guerra*, the EEOC has consistently found that section 1614.105(a)(1) does not require an employee to actually contact an EEO counselor. Rather, the employee must indicate only an intent to pursue the EEO process. Accordingly, the employee will satisfy the EEO-counseling requirement if he or she puts the agency on notice of his or her claim by contacting an agency official logically connected with the EEO process. *Cox v. Cuomo*, App. No. 01972354, 1998 WL 455064 (E.E.O.C. July 30, 1998); *Hernandez v. Runyon*, App. No. 01972231, 1998 WL 156079 (E.E.O.C. Mar. 31, 1998); *Morgan v. Glickman*, App. No. 01971556, 1998 WL 72421 (E.E.O.C. Feb. 13, 1998); *Welch v. Witt*, App. No. 01970015, 1997 WL 792549 (E.E.O.C. Dec. 18, 1997); *Hunnicutt v. Dalton*, App. No. 01966613, 1997 WL 420011 (E.E.O.C. July 23, 1997); *Harris v. Dalton*, App. No. 01955495, 1996 WL 159311 (E.E.O.C. Apr. 1, 1996); *Thompson v. Dalton*, App. No. 01951489, 1995 WL 558565 (E.E.O.C. Sept. 13, 1995).

▇ When it enacted Title VII, Congress specifically gave the EEOC authority to "issue such rules, regulations, orders and in-

---

1. Before 1992, the EEOC regulations provided that a federal agency employee must have "brought to the attention of the [EEO] Counselor the matter causing him to believe he had been discriminated against within 30 calendar days of the date of the matter...." 29 C.F.R. § 1613.214(a)(1)(i) (1991).

structions as it deems necessary and appropriate to carry out its responsibilities under this section." 42 U.S.C. § 2000e–16(b). Congress did not, however, delegate interpretive lawmaking power to the EEOC. Generally, an agency's interpretation of its own regulations is entitled to substantial deference. *Martin v. Occupational Safety and Health Review Comm'n,* 499 U.S. 144, 150, 111 S.Ct. 1171, 113 L.Ed.2d 117 (1991); *see Bowles v. Seminole Rock & Sand Co.,* 325 U.S. 410, 414, 65 S.Ct. 1215, 89 L.Ed. 1700 (1945) (stating that an agency's interpretation is "of controlling weight unless it is plainly erroneous or inconsistent with the regulation"). Indeed, in a case involving section 1614.105(a)(1), the Southern District of New York held that the EEOC's reading of the term "initiate contact with an EEO counselor" was not plainly erroneous, but rather was reasonable and entitled to deference. *Pauling v. Secretary of the Dep't of Interior,* 960 F.Supp. 793, 803 (S.D.N.Y.1997).

▇ The Second Circuit has also applied the approach to agency deference set forth in *Skidmore v. Swift & Co.,* 323 U.S. 134, 65 S.Ct. 161, 89 L.Ed. 124 (1944). *Yerdon v. Henry,* 91 F.3d 370, 376 (2d Cir.1996). Under *Skidmore,* courts should consider "the thoroughness evident in [the agency's] consideration, the validity of its reasoning, its consistency with earlier and later pronouncements, and all those factors which give it power to persuade, if lacking power to control." 323 U.S. at 140, 65 S.Ct. 161. We find that the EEOC has consistently held that if an employee contacts management officials within 45 days of the last alleged discriminatory event, the contact will be considered timely under section 1614.105(a)(1). As discussed below, we further find that the EEOC's position is consistent with the purpose of the EEO-counseling requirement and with the plain regulatory language.

The purpose of the EEO-counseling requirement is to give an agency the opportunity to informally resolve employees' complaints by conducting internal investigations. *Brown v. Marsh,* 777 F.2d 8, 14 (D.C.Cir. 1985); *see Crawford v. Babbitt,* 148 F.3d 1318, 1321 (11th Cir.1998). This purpose is met if the agency has been put on notice, within 45 days of the last alleged discriminatory event, of an employee's discrimination claims. *See Richardson v. Frank,* 975 F.2d 1433, 1436 (10th Cir.1991) (interpreting pre–1992 EEOC regulations and stating that where employees begin the EEO process and are not represented by counsel, the "correct inquiry then becomes whether the purpose of the time limit has been met and whether the agency was put on adequate notice."). We find that the EEOC could reasonably determine that an employee may put the agency on notice by contacting a management official logically connected with the EEO process. Indeed, read literally, section 1614.105(a)(1) does not require an aggrieved employee to actually contact an EEO counselor, but only to initiate contact with one. *Id.* As the EEOC stated in *Hunnicutt,* "[t]here is no requirement in the regulations that appellant must request EEO counseling in a certain form...." 1997 WL 420011, at *2.

In contrast to the number of EEOC decisions directly on point, there is a dearth of federal cases on whether contact with management officials is tantamount to initiating contact with an EEO counselor. In *Roman–Martinez v. Runyon,* 100 F.3d 213 (1st Cir. 1996), the First Circuit in *dicta* suggests that an employee's contact with his supervisor would not have met the EEO-counseling requirement. 100 F.3d at 219–20. The employee had argued that he had timely presented his claims because he had relayed them to his supervisor. The First Circuit rejected plaintiff's argument because he had not raised it during the administrative proceedings. The court then stated that the employee's contact with his supervisor would not, even if proven, show the employee had complied with the EEO-counseling requirement. The court cited a case for the proposition that an employee's failure to comply may be excused if he shows active misconduct on the agency's part. *Id.* at 220 (citing *Jensen v. Frank,* 912 F.2d 517, 521 (1st Cir.1990)). Thus, it is possible that the First Circuit determined that the plaintiff could not prove the applicability of equitable considerations which would have excused his noncompliance, rather than concluding that the employee's contact with his supervisor would not have by itself satisfied the EEO-counseling require-

ment. Consequently, we find that *Roman–Martinez* carries no persuasive weight on the issue presented before us.

Here, plaintiff met with her two supervisors on the same day as the last discriminatory event. Within a week, she contacted the Postal Police, an official at the crisis prevention division, and therapists at the EAP. She also filed a grievance with her union steward. We find that these contacts with agency officials put the Postal Service on notice of plaintiff's allegations of sexual harassment. They also indicated plaintiff's intent to pursue the EEO process.

Nevertheless, defendant argues that the EEOC's position is erroneous and that plaintiff's contact with her supervisors cannot be a proxy for contact with an EEO counselor. Defendant claims that if all managers are deemed to be EEO counselors, the burden is placed on managers to determine whether employees are merely "venting" or are attempting to lodge discrimination complaints. We agree that the EEOC regulations do not specifically require agency officials to personally notify employees of the EEO-counseling requirement. Yet, an employee is excused from this requirement if he can show that he "was not notified of the time limits and was not otherwise aware of them." 29 C.F.R. § 1614(a)(2). The Second Circuit recently found that "[i]n this context, ignorance of the law *is* a defense of sorts—and government agencies are effectively placed on notice that it is in their institutional interest to clearly notify employees of this limitations period." *Pauling v. Secretary of the Dep't of the Interior,* 160 F.3d 133, 136 (2d Cir.1998) (emphasis in original). *But see Nealon v. Stone,* 958 F.2d 584, 589 (4th Cir.1992) (rejecting an employee's contention that the Army had the burden of referring her to an EEO counselor after she wrote a letter to the Army's civilian personnel office alleging discrimination claims). For this reason, we find defendant's policy concerns unpersuasive.

Defendant also claims that plaintiff's supervisors, Lee and Helme, *did* direct plaintiff to an EEO counselor during the January 31 meeting. Def.'s Mem. at 7. Defendant asserts that *Kemer* and *Guerra* stand for the proposition that an employee's contact with a supervisor will satisfy the EEO-counseling requirement only if the supervisor failed to refer the employee to an EEO counselor. *See Hernandez,* 1998 WL 156079, at *2 (finding that an employee's contact with a human resources manager "gave rise to a duty on the agency's part to direct [the employee] to an EEO Counselor" and holding that the employee's complaint was improperly dismissed by the agency because there was no evidence in the record that the agency had fulfilled its obligation). Thus, according to defendant, if the agency officials did inform the employee of the EEO-counseling requirement and refer the employee to a specific EEO counselor, the agency's burden would be fulfilled.

Here, however, Lee and Helme do not declare that they provided plaintiff with the specific name of the EEO counselor(s) at her place of employment or that they told plaintiff she needed to contact an EEO counselor within 45 days in order to preserve her claim. Instead, Lee declares that during the January 31 meeting, "both Mr. Helme and myself advised Ms. Briggs that she could also bring these issues to the attention of the union in the form of a grievance or the EEO Office in the form of an EEO complaint." Lee Decl., Def.'s Mem.Ex. B, ¶ 7. Similarly, Helme declares that "I specifically recall informing Ms. Briggs that if she was dissatisfied with this course of action, she could pursue the matter through other available avenues, such as filing a grievance pursuant to the collective bargaining agreement or contacting the EEO Office to file a complaint." Helme Decl., Def.'s Mem.Ex. C, ¶ 6. We find that these statements were insufficient to accurately inform plaintiff of the EEO-counseling requirement. We also find that these statements do not sufficiently warn plaintiff that if she did not contact an EEO counselor within 45 days, she would be time-barred from pursuing her administrative remedies.

Moreover, plaintiff denies the substance of these statements. Briggs' Aff., Pl.'s Mem. Ex. G, ¶ 22. Rather, she claims she was told only that she could file a union grievance or seek emotional counseling through EAP. *Id.* ¶ 21. On a motion to dismiss, we must take the allegations in the complaint as true.

*Cooper v. Parsky,* 140 F.3d 433, 440 (2d Cir.1998).

Because we give substantial deference to the EEOC's rulings on this issue, and because there is a dearth of federal cases on point, we DENY defendant's motion to dismiss (Doc. # 21).

**SO ORDERED.**