**Milagros HERNÁNDEZ–
STELLA, Plaintiff**

v.

**Eric K. SHINSEKI, et al., Defendants.**

**Civil No. 12–1464 (DRD).**

United States District Court,
D. Puerto Rico.

Sept. 30, 2013.

Elaine Rodriguez–Frank, San Juan, PR, for Plaintiff.

Fidel A. Sevillano–Del–Rio, United States Attorneys Office, San Juan, PR, for Defendants.

## OPINION AND ORDER

DANIEL R. DOMÍNGUEZ, Senior District Judge.

Milagros Hernández–Stella filed suit against the Department of Veteran Affairs (the "Agency"), seeking monetary damages and declaratory relief (Docket No. 1, page 1). Plaintiff claims to have been subjected to discrimination on the basis of her religion, age, and disability, as well as retaliation for two the Equal Employment Opportunity ("EEO") complaints that she filed at the Agency. *Id.* Plaintiff alleges that this Court has jurisdiction to grant relief under Title VII of the Civil Rights Act of 1964 (42 U.S.C. §§ 2000e–2000e–17),

the Age Discrimination in Employment Act "ADEA" (29 U.S.C. §§ 621–634), the Rehabilitation Act of 1973 (29 U.S.C. §§ 701 et. seq.), and the Constitution of the United States. *Id.*

Defendants filed a motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure (Docket No. 8). Defendants assert that this Court lacks subject matter jurisdiction over the instant case because Plaintiff failed to exhaust administrative remedies as to both of her EEO complaints.

Based on the analysis that follows, the Court hereby **GRANTS** Defendant's motion to dismiss.

## I. BACKGROUND

Plaintiff began to work as a staff nurse at the Veteran Affairs Caribbean Healthcare System ("VACHS"), in San Juan, Puerto Rico, in 2001. On September of 2008, she requested accommodations due to the medical treatment that she was receiving for cancer. Plaintiff's request for accommodation was granted, and the Agency reassigned Plaintiff to the Feds Heal Program in the VACHS (Docket No. 1, page 2). The events that led to the present complaint occurred after Plaintiff's reassignment.

Plaintiff alleges that her supervisors in the Feds Heal Program subjected her to a hostile work environment and harassment consisting of: comments ridiculing her religion in front of patients and other employees;[1] public, unjustified scolding; pressuring her to retire from work; looking into Plaintiff's medical record to make comments about Plaintiff's medical condition with other employees and threatening

---

1. Plaintiff alleges to practicing Pentecostalism, a division within Christianity. Docket No. 1, ¶ 11.

Plaintiff to disclose her medical records to other employees; rating her work performance as "poor" in agency evaluations; and temporarily detailing her out of her work area. Plaintiff alleges that she complained on three different occasions with her Chief of Staff for discrimination and harassment. However, Plaintiff alleges that the Agency did not remedy the situation (Docket No. 1, page 7).

Due to the Agency's inaction, Plaintiff consulted with the Agency's local EEO counselor, which resulted in her filing a formal EEO complaint on October 21, 2010, referred herein as the "Discrimination Charges" (Docket No. 9–2, page 1).[2] The Discrimination Charges were all related to events that took place beginning in September 30, 2009 and ending approximately on September 21, 2010 (Docket No. 1). The EEO accepted to investigate and further process Plaintiff's claims of discrimination on the basis of her religion, age and disability regarding the alleged disparate treatment she endured by Plaintiff's supervisor and her temporary detailing to a different work area.

After concluding the investigation, the Agency requested Plaintiff to choose between proceeding with the issuance of a final agency decision ("FAD") on the merits of the complaint based on the results of the investigation; or holding a hearing before an administrative judge prior to the issuance of the FAD (Docket No. 9–1, page 1). Plaintiff requested the hearing on April 15, 2011. *Id.*

On July 8, 2011, the administrative judge ordered both parties to submit a pre-hearing statement of their respective positions on whether a *prima facie* case of discrimination had been established, and to submit a proposed witness list with a proffer of the testimony of each witness. The deadline for the filings was October 26, 2011. Also on July 8, 2011, the administrative judge scheduled a pre-hearing conference for November 15, 2011. (Docket No. 9–3, page 1).

Plaintiff submitted the proposed witness lists on November 3 (8 days late), November 6 (11 days late) and on December 11, 2011 (46 days late). The pre-hearing statement was filed also on December 11, 2011 (Docket No. 9–3, page 2). The Administrative Judge rejected Plaintiff's filings for being "untimely", "unauthorized", and "not [in compliance] with the requirements set forth in the July 8, 2011 Scheduling Order"[3] (Docket No. 9–3, page 2). Thus, the administrative judge cancelled the pre-hearing conference "because [Plaintiff] did not submit the required Pre–Hearing Statement for discussion at the schedule Pre–Hearing Conference" (Docket No. 9–3, page 2). On March 14, 2012, the administrative judge dismissed Plaintiff's request for a hearing because of "[Plaintiff's] failure to submit the required Pre–Hearing Statement [ . . . ] and for [Plaintiff's] failure to cooperate so that [the administrative] case may be processed" (Docket No. 9–3, page 1). Also on March 14, 2012, the administrative judge ordered the Agency to issue a FAD as to the Discrimination Charges. *Id.* at page 4.

The Agency issued the FAD on July 19, 2012 but it did not contain a decision on the merits of Plaintiff's complaints. The FAD dismissed Plaintiff's Discrimination Charges on procedural grounds on account of Plaintiff's filing of the instant complaint

**2.** The EEO identified Plaintiff's complaint as VA Case No. 2001–0672–2010104950.

**3.** The Administrative Judge stated that, in addition to being late, the witness lists did not specifically identified the witnesses and did not proffer their proposed testimony, as he had instructed the parties.

pursuant to 29 C.F.R. § 1614.107(a)(3).[4] (Docket No. 9–1, page 1–2). There is currently no decision on the merits of Plaintiff's Discrimination Charges.

On April 11, 2012, Plaintiff filed a new EEO complaint, referred herein as the "Retaliation Charges."[5] Plaintiff alleged being the victim or retaliation and hostile work environment when a social worker manager at VACHS failed to assign Plaintiff work assignments. Plaintiff also avers that a new supervisor informed Plaintiff about complaints allegedly filed against Plaintiff by various patients. Plaintiff later found out that there were no complaints filed against her by any patients (Docket No. 1, pages 7–8).

On May 11, 2012, the Agency partially accepted Plaintiff's Retaliation Charges for further investigation as to retaliatory harassment, but dismissed the allegations of hostile work environment. (Docket No. 10–2, page 2). The Agency's dismissal was based on their determination that a reasonable person would not find the actions alleged in Plaintiff's Retaliation Charges to be hostile or abusive and that such "events are neither physically threatening nor egregious enough" (Docket No. 10–2, page 2). The Retaliation Charges had the same fate as the Discrimination Charges—the Agency dismissed them pursuant to 29 C.F.R. § 1614.107(a)(1)[6] on account of Plaintiff's filing of the instant complaint (Docket No. 10–2, page 7). There is also

no decision on the merits of Plaintiff's Retaliation Charges.

On June 12, 2012, Plaintiff filed the instant complaint including the allegations of the EEO's Discrimination Charges and the Retaliation Charges (Docket No. 1). Plaintiff included the same allegations made in her two EEO complaints.

Defendants filed a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure. The Agency alleges that Plaintiff failed to exhaust her administrative remedies on both EEO filings because she did not let the administrative procedure run its course before filing a suit in the district court. As to the Discrimination Charges, Defendant specifically avers that Plaintiff failed to cooperate with the administrative process based on her failure to comply with the orders of the administrative judge (Docket No. 9, page 7).

Plaintiff opposed Defendants' motion to dismiss asserting that she cooperated with the administrative investigation of the Discrimination Charges. Plaintiff also claims that she was not required "perfect cooperation" during the hearing because the hearing is not part of the investigative administrative process (Docket No. 10, page 4). In this respect, Plaintiff relies on the Tenth Circuit Court's decision in *Shikles v. Sprint/United Management Company*, 426 F.3d 1304 (10th Cir.2005), for the proposition that a plaintiff's failure to cooperate shall be construed as a failure to

---

**4.** 29 C.F.R. § 1614.107(a)(3) provides that "[p]rior to a request for a hearing in a case, the agency shall dismiss an entire complaint that is the basis of a pending civil action in a United States District Court in which the complainant is a party provided that at least 180 days have passed since the filing of the administrative complaint, or that was the basis of a civil action decided by a United States District Court in which the complainant was a party."

**5.** Plaintiff's second administrative complaint was identified as VA Case No. 2001–0672–2012102208.

**6.** 29 C.F.R. § 1614.107(a)(1) provides that "[p]rior to a request for a hearing in a case, the agency shall dismiss an entire complaint that fails to state a claim under § 1614.103 or § 1614.106(a) or states the same claim that is pending before or has been decided by the agency or Commission."

exhaust administrative remedies "only when Plaintiff's non cooperation effectively prevents the EEO's investigation" (Docket No. 10, page 4). As to the Retaliation Charges, Plaintiff contends that she exhausted the administrative remedies because the letter of May 11, 2012 "was a final agency decision, thus Plaintiff had no other option but to include the allegations in her civil complaint." (Docket No. 10, page 5).

## II. RULE 12(b)(1) MOTION TO DISMISS STANDARD

■■■ "A motion to dismiss an action under Rule 12(b)(1) raises the fundamental question whether the federal district court has subject matter jurisdiction over the action before it." *U.S. v. Lahey Clinic Hospital, Inc.*, 399 F.3d 1, note 6 (1st Cir.2005) (citing 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1350, at 61 (3d ed.2004)). While a challenge under Rule 12(b)(1) of the Federal Rules of Civil Procedure is usually employed in the instance in which the moving party believes there is no federal question jurisdiction or diversity of citizenship jurisdiction, "the scope of Rule 12(b)(1) is flexible," and it can serve as "a procedural vehicle" for raising a variety of challenges to the court's power to hear the case. *Id.* at 100–02. Failure to exhaust administrative remedies is an appropriate jurisdictional challenge in a motion to dismiss for lack of subject matter jurisdiction. *See Bonilla v. Muebles J.J. Alvarez, Inc.*, 194 F.3d 275 (1st Cir.1999); *Deniz v. Municipality of Guaynabo*, 285 F.3d 142 (1st Cir.2002). *See also Skwira v. United States*, 344 F.3d 64 (1st Cir.2003) (discussing the different standard of review of the district court's findings as to jurisdictional facts and the district court's ultimate conclusion of subject matter jurisdiction, which is a question of law subject to *de novo* review).

## III. DISCUSSION

### A. Exhaustion of Administrative Remedies

■■■ "Under Title VII, a federal employee must exhaust her administrative remedies before initiating a complaint of discrimination in federal court." *Farris v. Shinseki*, 660 F.3d 557, 562 (1st Cir.2011) (citing 42 U.S.C. § 2000e–16(c)); *see Thornton v. UPS, Inc.*, 587 F.3d 27, 31 (1st Cir.2009) ("it is well-settled that an employee alleging discrimination must file an administrative claim with the EEOC or with a parallel state agency before a civil action may be brought."); *Frederique–Alexandre v. Dep't of Natural & Envtl. Res.*, 478 F.3d 433, 440 (1st Cir.2007) ("A plaintiff must exhaust [her] administrative remedies, including EEOC procedures, before proceeding under Title VII in federal court."); *Bonilla v. Muebles J.J. Alvarez, Inc.*, 194 F.3d 275, 278 (1st Cir.1999) (noting exhaustion of EEOC procedures is prerequisite to suit under Title VII). Thus, "[j]udicial recourse under Title VII ... is not a remedy of first resort." *Jorge v. Rumsfeld*, 404 F.3d 556, 564 (1st Cir. 2005) (citing *Morales–Vallellanes v. Potter*, 339 F.3d 9, 18 (1st Cir.2003)). "Whether an employee has exhausted all [of] her administrative remedies is dependent on a timely filing of a charge with the requisite administrative agency and the receipt of a right-to-sue letter from that agency." *Id.; see also McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 798, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); *McKinnon v. Kwong Wah Rest.*, 83 F.3d 498, 504 (1st Cir.1996); *Jenkins v. Potter*, 271 F.Supp.2d 557 (D.C.N.Y.2003) (prior to bringing suit in federal district court under Title VII [ . . . ], federal employees are required to exhaust all administrative remedies at their disposal in timely fashion; timely exhaustion of administrative reme-

dies requires employees to comply with applicable EEOC regulations). "Because administrative exhaustion 'is a condition to the waiver of sovereign immunity,' it 'must be strictly construed.'" *Farris,* 660 F.3d at 563 (quoting *Irwin v. Dept. of Veterans Affairs,* 498 U.S. 89, 94, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990)). With limited exceptions, "failure to exhaust th[e] administrative process 'bars the courthouse door.'" *Franceschi v. United States VA,* 514 F.3d 81, 85 (1st Cir.2008) (quoting *Bonilla,* 194 F.3d at 278.); *see also McFarland v. Henderson,* 307 F.3d 402, 406 (6th Cir. 2002) ("In permitting federal employees to sue under Title VII, Congress conditioned the government's waiver of sovereign immunity upon a plaintiff's satisfaction of 'rigorous administrative exhaustion requirements and time limitations.'" (quoting *Brown v. Gen. Serv. Admin.,* 425 U.S. 820, 833, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976))). Hence, the case law is pellucid that a Title VII plaintiff must timely file administrative charges prior to filing suit in district court, subject to limited exceptions of waiver, estoppel, and equitable tolling. *Frederique–Alexandre,* 478 F.3d at 440 (citing *Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 393, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982)).

■ Similarly, the Rehabilitation Act requires exhaustion of administrative remedies for employees of federal agencies. *See Román–Martínez v. Runyon,* 100 F.3d 213, 216 (1st Cir.1996). This requirement is derived from 29 U.S.C. § 794a(a)(1), providing that federal agency employees must exhaust administrative remedies in accordance with the requirements of Title VII. *See* § 794a(a)(1); *Román–Martínez,* 100 F.3d at 216. Failure to exhaust bars a federal employee's Rehabilitation Act claims against the federal agency. *Id.*

■ Now, this is not always the case for charges brought under ADEA. Under ADEA, federal employees have the option of bypassing administrative remedies entirely or suing directly in the federal district court. *See* 29 U.S.C. §§ 626(d) and § 633a(c). *See also Rossiter v. Potter,* 357 F.3d 26, 28–29 (1st Cir.2004) (discussing the ADEA statutory scheme). A suit may be filed in federal district court after giving the EEOC 30 days' notice of intent to sue. 29 U.S.C. § 633a(d). In the alternative, an agency complaint may be filed and, after final disposition on the merits by the EEOC, a claimant may file suit in federal district court. 29 U.S.C. § 633a(c). But once a federal employees has initiated administrative remedies, they must be exhausted before a suit may be filed. *See McGinty v. U.S. Dept. of Army,* 900 F.2d 1114, 1117 (7th Cir.1990) (citing *Purtill v. Harris,* 658 F.2d 134, 138 (3rd Cir.1981), cert. denied, 462 U.S. 1131, 103 S.Ct. 3110, 77 L.Ed.2d 1365 (1983); *Castro v. United States,* 775 F.2d 399, 404 (1st Cir.1985); *Rivera v. United States Postal Serv.,* 830 F.2d 1037 (9th Cir.1987), cert. denied, 486 U.S. 1009, 108 S.Ct. 1737, 100 L.Ed.2d 200 (1988); *Bornholdt v. Brady,* 869 F.2d 57, 63 (2d Cir.1989)).

■ The purpose of the exhaustion of administrative remedies requirement is "to provide the employer with prompt notice of the claim and to create an opportunity for early conciliation." *Lattimore v. Polaroid Corp.,* 99 F.3d 456, 464 (1st Cir. 1996). But, there are a few exceptions to this general rule. A retaliation charge that is "reasonably related to and grows out of the discrimination complained of to the agency" must be preserved despite the complainant's failure to exhaust administrative remedies prior to filing a complaint in federal court. *Clockedile v. New Hampshire Dept. of Corrections,* 245 F.3d

1, 6 (1st Cir.2001).[7] Claims of retaliation for filing an agency complaint itself may be deemed reasonably related to the discrimination complaint or that it grew out of the discrimination complaint. *Id.* "A claim of retaliation for filing an administrative charge with the EEOC is one of the narrow exceptions to the normal rule of exhaustion of administrative remedies. Such a claim may ordinarily be bootstrapped onto the other Title VII claim or claims arising out of the administrative charge and considered by the district court, even though it has not been put through the administrative process." *Franceschi v. U.S. Dept. of Veterans Affairs,* 514 F.3d 81, 86 (1st Cir.2008) (citing *Clockedile,* 245 F.3d at 6).

Nonetheless, where administrative remedies have not been exhausted with respect to any of Plaintiff's claims under Title VII, the Rehabilitation Act or ADEA, there is nothing properly before the court to which the retaliation claim may be "bootstrapped" and the *Clockedile* exception cannot be applied. *See Franceschi,* 514 F.3d at 87 ("Although we have never expressly addressed this specific circumstance [ (i.e., failure to exhaust administrative remedies with respect to all of plaintiff's claims in the civil action) ], we think that, as a logical corollary of the rule in *Clockedile,* the exception to the exhaustion requirement cannot apply, and the retaliation claim must be dismissed along with the others for failure to exhaust."). In this type of circumstances, the retaliation claims must be dismissed for failure to exhaust the administrative remedies of the discrimination claim.

**B. The Administrative Process**

 Federal employees alleging discrimination in violation of Title VII, the Rehabilitation Act and ADEA (when the federal employee has chosen to go the administrative route first) must follow the process outlined in 29 C.F.R. §§ 1614.101–1614.110. *See,* 29 C.F.R. § 1614.103. The first step in this process is the recourse to the agency's local counselor. 29 C.F.R. § 1614.105. "Federal employees must follow the administrative process laid out in the Code of Federal Regulations beginning with the initial contact with an EEO counselor". *Santiago v. U.S. Dept. of the Army,* 2012 WL 2328000, at *3 (D.P.R. June 19, 2012). If after 30 days of counseling the issues are not resolved, the counselor informs the federal employee of her right to file a formal discrimination complaint with the employer agency within 15 days. "The formal complaint must [be] filed with the agency within 15 days of receiving notice from the EEO counselor". *Id. See also* 29 C.F.R. § 1614.105(d). The agency must then conduct and complete an investigation of the claims within 180 days of the date in which the formal complaint was filed. 29 C.F.R. § 1614.108(e).

After the investigation, the agency provides the federal employee with a copy of the investigative file and a notification informing her of the right to request a hearing before an administrative judge or an immediate FAD. 29 C.F.R § 1614.108(f). If the employee elects to have a hearing, the administrative judge must issue a decision and order appropriate remedies, if any, within 180 days after the receipt of the investigative file from the agency. 29 C.F.R. § 1614.109(i). Hearings are part of the administrative process and they serve a supplementary role in relation to the federal employee's complaint. "A hearing provides the parties with a fair

---

**7.** Neither of the two parties discussed the potential relatedness of *Clockedile, supra,* to Plaintiff's Retaliation Charges.

and reasonable opportunity to explain and supplement the record and, in appropriate instances, to examine and cross-examine witnesses". EEO Management Directive for 29 C.F.R. Part 1614 (EEO MD–110, chapter 7, part I). After notice of the administrative judge's decision, the agency has 40 days to issue a FAD implementing or not the administrative judge's decision. 29 C.F.R. § 1614.110(a). If the agency does not issue a FAD within the 40–day period, the administrative judge's decision becomes the final action of the agency. 29 C.F.R. § 1614.109(i).

FADs are subject to appeal, whether issued after the complainant elected to have a hearing or immediately after the complainant was presented with the investigative file. The FAD must notify the complainant of her right to appeal to the EEOC or file a civil action in a federal district court. 29 C.F.R. § 1614.110.

## C. Duty to Cooperate in the Administrative Process

▉ Federal employees are required to cooperate in the administrative process. "[A] complainant's failure to cooperate in the administrative process precludes exhaustion when it prevents the agency from making a determination on the merits." *Jefferson v. Gates,* No. CA 09–537 ML, 2010 WL 2927529, at *11 (D.R.I. Jul. 2, 2010) (citing *Austin v. Winter,* 286 Fed. Appx. 31, 37 (4th Cir.2008) ("Appellant's actions prevented the agency from fully investigating the complaint and reaching a final decision. Accordingly, this court finds that Appellant's failure to cooperate constitutes a failure to exhaust her administrative remedies.")). *See also Vinieratos v. U.S. Dept. of Air Force Through Aldridge,* 939 F.2d 762, 772 (9th Cir.1991) ("[A]n administrative exhaustion rule is meaningless if claimants may impede and abandon the administrative process and

yet still be heard in federal court.... When a federal employee obstructs the smooth functioning of a properly elected administrative process and abandons that process to pursue a remedy elsewhere, he fails to exhaust his chosen remedy and thereby forecloses judicial review."); *Vinieratos,* 939 F.2d at 773 ("Where, as here, the complainant has only himself to blame for the absence of an administrative ruling of the merits of his claim, it is fair to conclude that he has failed to comply with the administrative exhaustion requirement. It is not the role of the federal judiciary to straighten out a mess that is the complainant's own doing."); *Robinson v. Chao,* 403 F.Supp.2d 24, 29 (D.D.C.2005) ("Plaintiff had an obligation to respond to reasonable requests in the course of the agency's investigation of her discrimination claims. She did not fulfill that obligation, and, therefore, she did not exhaust her administrative remedies concerning those claims before filing them in this Court."); cf. *Sellers v. U.S. Department of Defense,* No. 07–418S, 2009 WL 559795, at *12 (D.R.I. Mar. 4, 2009) ("Plaintiff did not respond to reasonable requests to clarify the scope and nature of her claim. Accordingly, [p]laintiff failed to exhaust her administrative remedies with respect to her hostile work environment claim.").

\* \* \* \* \* \*

▉ In the instant case, Plaintiff filed two administrative complaints, one regarding discrimination charges on the basis of her religion, age and disability (i.e., the Discrimination Charges), and a second complaint for retaliation and hostile work environment on the basis of her filing the first EEO complaint (i.e., the Retaliation Charges). The Discrimination Charges were grounded on Title VII, the Rehabilitation Act and ADEA. Thus, Plaintiff was required to exhaust administrative remedies as to her complaints under Title VII

and the Rehabilitation Act, no so as to her ADEA charges. Nonetheless, because Plaintiff decided to pursue all of her claims administratively (including those under ADEA) when she voluntarily chose to have a hearing before an administrative judge after the Agency had concluded its investigation, she was also required to exhaust administrative remedies as to her ADEA charges. In making this decision, Plaintiff was bound to two things: (1) exhaust the administrative remedies before filing suit in federal district court (*see McGinty v. U.S. Dept. of Army*, 900 F.2d at 1117); and (2) cooperate in the administrative process (*see Jefferson v. Gates, supra*). Plaintiff did neither.

Plaintiff did not fully comply with the timetable and the instructions ordered by the administrative judge. In so doing, Plaintiff prevented the administrative judge from making a determination on the merits as to the Discrimination Charges. The Court finds that Plaintiff failed to cooperate in the administrative process when she failed to furnish the witness lists required in a timely fashion, when she filed those lists without including the information that was requested of Plaintiff, and when Plaintiff failed to provide the pre-hearing report when it was due. Accordingly, this court finds that Plaintiff's failure to cooperate constitutes a failure to exhaust her administrative remedies.[8] To make matters worse, when the administra-

tive judge returned Plaintiff's file to the Agency for issuance of a FAD, Plaintiff filed the instant complaint before the Agency could rule on the merits of Plaintiff's complaint. Plaintiff twice prevented issuance of a determination on the merits on her Discrimination Charges and failed to exhaust the administrative remedies regarding those charges. Consequently, the Discrimination Charges must be dismissed.

■ As to the Retaliation Charges, Plaintiff also did not allow the administrative procedure run its course when she filed the instant complaint.[9] The Agency had not finished the investigation of Plaintiff's Retaliation Charges when she filed the instant complaint. There was no decision reached on the merits on these allegations either due to Plaintiff's actions. Therefore, the Court finds that Plaintiff failed to exhaust the administrative remedies as to the Retaliation Charges. Because the Discrimination Charges were dismissed for Plaintiff's failure to exhaust administrative remedies and pursuant to the holding in *Franceschi v. U.S. Dept. of Veterans Affairs*, 514 F.3d at 87, the Retaliation Charges must also be dismissed.

## IV. CONCLUSION

For the reasons stated above, the Court finds that it has no jurisdiction to entertain the instant complaint and that it must be

---

8. The matter of the noncompliance was not close. Plaintiff was late eight days, eleven days, and forty-six days in filing the witness lists (*see infra* at pages 109–10). The Court cannot disturb the administrative discretion of the administrative judge as to a management order absent a determination that the administrative judge was unreasonable in making such ruling—which is not the situation in the instant case. *See Town of Winthrop v. F.A.A.*, 535 F.3d 1 (1st Cir.2008) (agencies are entitled to select their own methodology as long as that methodology is

reasonable, and reviewing court must give deference to that decision).

9. Generally, retaliation claims must follow the same administrative process as discrimination claims, pursuant to 29 C.F.R. § 1614.103. "Individual and class complaints of employment discrimination and retaliation prohibited by Title VII ..., the ADEA ..., the Rehabilitation Act ... shall be processed in accordance with this part [i.e., 29 C.F.R. §§ 1614.105–1614.110]". 29 C.F.R. § 1614.103.

**116**

dismissed. Accordingly, the Court hereby
**GRANTS** Defendants' *motion to dismiss.*
(Docket No. 8). Judgment shall be issued
separately.

**IT IS SO ORDERED.**