Valerie L. LLOYD Plaintiff,

v.

Elaine CHAO, Secretary, U.S. Department of Labor Defendant.

No. CIV.A. 01–1472(GK).

United States District Court, District of Columbia.

Sept. 23, 2002.

John F. Karl, Jr., William Patrick Farley, Washington, DC, for Plaintiff.

Mark E. Nagle, Paul A. Mussenden, U.S. Attorney's Office, Washington, DC, for Defendant.

## MEMORANDUM OPINION

KESSLER, District Judge.

Plaintiff, Valerie Lloyd, brings this action against Elaine Chao, Secretary of Labor, for employment discrimination in violation of Title VII of the Civil Rights Act of 1964, § 701 *et seq.*, as amended, 42 U.S.C. § 2000e *et seq.* The matter is now before the Court on Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment. Upon consideration of the Motion, Opposition, and the entire record herein, for the reasons stated below, Defendant's Motion is **denied**.

## I. BACKGROUND [1]

Plaintiff is a female who has been employed by the Department of Labor since 1973. Plaintiff alleges that she was subject to sex discrimination, sexual harassment, a hostile work environment, and retaliation in 1998 and 1999.

### A. Plaintiff's Allegations of Sexual Harassment and Hostile Work Environment in 1998

In October of 1996, Plaintiff was competitively promoted to a temporary position as a Grade 14 Team Leader. Plaintiff alleges that during 1998, she was harassed and threatened by one of her team members, Douglas Scott. She also alleges that Scott angrily resisted her efforts to review his work, as Lloyd was required to do, pursuant to the directives of her supervisor, Karen Greene. Plaintiff also alleges that, on April 30, 1998, Scott mentioned a "gun" in a conversation with Lloyd.

On May 1, 1998, Plaintiff maintains that she brought the sexual harassment and hostile environment claims arising out of Scott's actions to Greene's attention. On May 6, 1998, Plaintiff alleges that she also brought those claims to the attention of Robert Litman, Greene's supervisor.

### B. Plaintiff's Removal from Her Temporary Grade 14 Team Leader Position

In October of 1998, Plaintiff learned that she would be removed from her temporary Grade 14 Team Leader position and returned to a Grade 13 Program Analyst position. In February of 1999, Plaintiff's demotion took effect, and she was noncompetitively replaced as the Grade 14 Team Leader by another team member.

On March 4, 1999, Plaintiff filed a grievance under the Department of Labor's negotiated grievance procedure, alleging discrimination and unfair treatment when she was removed from her Grade 14 position.

Plaintiff also contacted an Equal Employment Opportunity ("EEO") counselor in the Department of Labor's EEO Office on April 5, 1999, and thereafter filed an informal complaint on April 22, 1999, alleging discrimination on the basis of sex, sexual harassment, and retaliation for complaining to her supervisors, Greene and Litman, in 1998, and for filing the March 4 grievance.

### C. Plaintiff's Non–Selection for the Permanent Grade 14 Team Leader Position

In June of 1999, the temporary Grade 14 Team Leader position Plaintiff previously held, was advertised as a permanent opening. Plaintiff bid for that position, but on September 17, 1999, was informed that a male employee was selected for the position.

In response to her non-selection, Plaintiff filed a second grievance under the Department of Labor's negotiated grievance procedure on October 8, 1999, alleging discrimination and violation of the Department of Labor's merit staffing system.

On October 28, 1999, Plaintiff also filed an informal EEO complaint regarding her non-selection. Plaintiff alleged that she was subject to sex discrimination and reprisal when a lesser qualified male was permanently placed in the Grade 14 position she had served in for more than two years.

In a decision dated April 7, 2000, the Department of Labor's Civil Rights Center dismissed Plaintiff's two EEO complaints.

---

1. The facts in this section are either taken from the parties' Statements of Material Facts Not in Dispute or are clearly identified as the allegations of one of the parties.

It determined that, because Plaintiff first elected the grievance process to challenge her demotion to the permanent Grade 13 position and her subsequent non-selection for the Grade 14 permanent position, she was foreclosed from challenging the same events under the statutory administrative EEO process. Plaintiff timely appealed the dismissal of her EEO complaints. The EEO's Office of Federal Operations denied Plaintiff's appeal and affirmed the Civil Rights Center's decision.

In addition to her administrative EEO complaints, Plaintiff pursued her March 4, 1999 and October 8, 1999 grievances before an arbitrator. The arbitrator rendered a final decision on December 14, 2001, finding for Plaintiff on some claims, and against her on others. On January 17, 2002, Plaintiff filed an appeal of the arbitrator's decision. The EEO's Office of Federal Operations failed to issue a decision on Plaintiff's appeal within 180 days of the filing of the appeal.

## II. STANDARD OF REVIEW

"[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). The factual allegations of the complaint must be presumed true and liberally construed in favor of the plaintiff. *Shear v. National Rifle Ass'n of Am.*, 606 F.2d 1251, 1253 (D.C.Cir.1979).

## III. ANALYSIS

### A. Plaintiff's Claims of Sexual Harassment and Hostile Work Environment in 1998 are Timely

■ Defendant maintains that Plaintiff's allegations of sexual harassment and hostile work environment arising in 1998 are untimely because Plaintiff failed to contact an EEO counselor within 45 days of the discrimination. Under 29 C.F.R. § 1614.105(a)(1), an aggrieved party must initiate contact with an EEO counselor within 45 days of the date of the alleged discriminatory conduct or the effective date of an alleged discriminatory personnel action. Failure to exhaust administrative remedies ordinarily bars a plaintiff from proceeding on her claims in court. *See Brown v. Marsh*, 777 F.2d 8, 13 (D.C.Cir.1985); *Williamson v. Shalala*, 992 F.Supp. 454, 457 (D.D.C.1998).

Defendant argues that Plaintiff's claims are untimely because she did not contact an EEO counselor until April 5, 1999, nearly a year after the 1998 interactions with Scott giving rise to her claims of sexual harassment and hostile work environment. Plaintiff argues that she has satisfied the administrative time requirements because she brought Scott's actions to the attention of her supervisor, Karen Greene, on May 1, 1998, and to the attention of Greene's supervisor, Robert Litman, on May 6, 1998.

■ The purpose of the EEO counseling requirement is to give a federal agency an opportunity to informally resolve an employee's complaint by conducting internal investigations. *See Brown*, 777 F.2d at 14; *Richardson v. Frank*, 975 F.2d 1433, 1436 (10th Cir.1991) (where employees begin the EEO process and are not represented by counsel, the "correct inquiry then becomes whether the purpose of the time limit has been met and whether the agency was put on adequate notice").

■ Here, Lloyd alleges that she brought the sexual harassment and hostile environment claims arising out of Scott's actions to the attention of two supervisors in May 1998. Accepting Plaintiff's allegations as true, as the Court must in a motion to dismiss, Plaintiff has therefore

alleged that she put the Department of Labor on notice of her complaints and afforded the agency an opportunity to resolve them. In so doing, Plaintiff satisfied the purpose underlying the EEO counseling requirement.

Indeed, other courts confronting similar factual circumstances have concluded that an employee's contact with management officials is tantamount to initiating contact with an EEO counselor. *See Briggs v. Henderson*, 34 F.Supp.2d 785 (D.Conn. 1999) (denying motion to dismiss for failure to exhaust administrative remedies because plaintiff reported the discrimination to two supervisors within 45 days of the discriminatory event); *Johnson v. Glickman*, 155 F.Supp.2d 1240 (D.Kan.2001) (contact with former EEO officer satisfied the EEO counselor requirement). Moreover, the Equal Employment Opportunity Commission ("EEOC") itself has repeatedly advanced that position. *See GUERRA v. RUNYON*, App. No. 01944190, 1994 WL 744965 (E.E.O.C. Nov. 9, 1994) ("contact with management officials to make an allegation of discrimination is, in effect, a request for EEO counseling"); *Kemer v. General Services Admin.*, App. No. 05910779, 1992 Fed. Equal Opportunity Rep. ¶ 923199 (E.E.O.C. Dec. 30, 1991) (same).

Accordingly, the Court concludes that Plaintiff's claims are timely with respect to the allegations of sexual harassment and hostile work environment arising within 45 days prior to May 1, 1998—the date Plaintiff first brought the allegations to the attention of her supervisor.

### B. Plaintiff Has Exhausted Her Administrative Remedies

■ Defendant also originally argued in her Motion to Dismiss[2] that Plaintiff did not exhaust her administrative remedies because she failed to appeal the arbitrator's December 14, 2001 ruling resolving her grievances. Defendant's argument was correct as of the filing of Plaintiff's Complaint on July 2, 2001. At that time, however, the arbitrator had not even issued the decision on Plaintiff's grievances.

By virtue of Plaintiff's Amended Complaint, filed on August 27, 2002, Plaintiff has now alleged that she exhausted her administrative remedies. First, the Amended Complaint provides that Plaintiff timely appealed the arbitrator's decision on January 17, 2002. Second, Plaintiff alleges that the EEO's Office of Federal Operations failed to issue a decision on her appeal within 180 days of the filing of the appeal. 42 U.S.C. § 2000e–16(c) provides that employees may bring suit in district court after the EEOC either renders its decision on appeal or fails to take action within 180 days. Accordingly, Plaintiff has now fully exhausted her administrative remedies with respect to her grievances, and those claims are properly before this Court.

### IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment is **denied**. An Order will issue with this Opinion.

### *ORDER*

Plaintiff, Valerie Lloyd, brings this action against Elaine Chao, Secretary of Labor, for employment discrimination in violation of Title VII of the Civil Rights Act of 1964, § 701 *et seq.*, as amended, 42

---

**2.** It is not clear whether Defendant continued to advance that position subsequent to Plaintiff's Motion to Amend the Complaint.

U.S.C. § 2000e *et seq.* The matter is now before the Court on Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment. Upon consideration of the Motion, Opposition, and the entire record herein, for the reasons stated in the accompanying Memorandum Opinion, it is this 23rd day of September 2002, hereby

**ORDERED**, that Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment is **denied**.