# United States Court of Appeals

## For the First Circuit

No. 01-2569

DIANE DRESSLER,

Plaintiff, Appellant,

v.

KEVIN J. DANIEL and DANIEL'S PUB, INC.,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW HAMPSHIRE

[Hon. Paul Barbadoro, U.S. District Judge]

Before

Selya, Circuit Judge,

Coffin, Senior Circuit Judge,

and B. Fletcher,[*] Senior Circuit Judge.

Nancy S. Tierney on brief for appellant.
    Debra Weiss Ford, William R. Bagley Jr. and Devine,
Millimet & Branch P.A. on brief for appellees.

January 9, 2003

---

[*]The Honorable Betty B. Fletcher, of the Ninth Circuit,
sitting by designation.

**B. FLETCHER, <u>Senior Circuit Judge</u>**.  Plaintiff-Appellant Diane Dressler ("Dressler") appeals the summary judgment order entered on behalf of Defendants-Appellees Kevin J. Daniel ("Daniel") and Daniel's Pub, Inc. ("Daniel's Pub") (collectively "employer") on an action arising under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, <u>et seq</u>. ("Title VII"). Dressler claims that she is the victim of retaliation by her former employer, after initiating a sexual harassment claim against Daniel.  <u>See</u> 42 U.S.C. § 2000e-3(a).  Dressler asserts that due to the retaliatory actions taken by her former employer, she was denied future employment opportunities and subjected to a hostile work environment.  We have jurisdiction pursuant to 28 U.S.C. § 1292. For the reasons stated below, we affirm.

I.

While attending college in 1988, Dressler met Daniel, and the two engaged in a relationship that Dressler alleges was non-sexual but romantic.  There was little contact between Dressler and Daniel after their relationship ended until 1996, when Dressler moved to Henniker, New Hampshire and contacted Daniel.  Thereafter, Dressler claims that she and Daniel engaged in a romantic, sexual relationship which lasted approximately two months.  Dressler informed Daniel that the relationship would end in December 1996,

-2-

after she accepted employment at his restaurant, Daniel's Pub.[1] Dressler worked at Daniel's Pub from December 15, 1996 to December 31, 1996, when she terminated her employment. Shortly thereafter, she contacted the New Hampshire Center for Human Rights to pursue charges of sexual harassment against Daniel. A negotiated settlement was reached between Dressler and the employer.

From July 1997 to September 1998, Dressler alleges that she and Daniel again engaged in a discreet romantic and sexual relationship. After the relationship ended, Dressler took a job as a planning room aide at Kearsarge Middle School ("KMS") in London, New Hampshire, where Daniel's daughter attended school.

Dressler quit her job at KMS in December 1998 contending that comments were broadcast in the school that subsequently affected her job responsibilities and work environment. A former co-worker at Daniel's Pub, who also worked at KMS, informed the Vice-Principal that there may be some concerns over the propriety of Dressler working with Daniel's daughter. The Vice-Principal stated that this comment had no impact on his evaluation of Dressler. Nothing in the evidence suggests that Daniel made any comments to KMS.

While employed at KMS, Dressler applied for a position at the Equity Group in New London, New Hampshire. She attributed her

---

[1]Daniel was the president, general manager, and director of Daniel's Pub during Dressler's employment.

rejection for employment at the Equity Group to statements made by Daniel to her prospective employer. James Ward, the owner of the Equity Group, attested in an affidavit that he contacted Daniel and recalls from his conversation with Daniel that "the parting of ways [between Daniel's Pub and Dressler] was on somewhat less than favorable terms and this did not prevent me from hiring her, as there were other issues." Dressler claims that she was told by James Ward that he did not want claims filed against him. Daniel claims that he has never been asked to provide a reference concerning Dressler by a prospective or current employer and has not offered unsolicited information with respect to her qualifications.

In March 1999, Daniel filed a complaint with the Henniker and Newbury Police Departments relating to a stalking charge he planned to file against Dressler. Daniel believed that statements to the police would not be public information but would serve investigatory purposes only. Dressler learned about the complaints in August 1999 when she was contacted by the police department.

Dressler filed an action in federal district court against appellees alleging violations of Title VII, 42 U.S.C. § 2000e, et seq., § 1981 and/or § 1981a, as well as pendent state law claims. The district court granted summary judgment in favor of appellees on the federal claims and declined to assert supplemental jurisdiction over the state claims. Dressler appeals

-4-

from the summary judgment order denying her Title VII retaliation claim.

## II.

It is unlawful for an employer to retaliate against an employee for initiating an action under Title VII. 42 U.S.C. § 2000e-3(a) provides:

> It shall be an unlawful employment practice for an employer to discriminate against any of his employees . . . because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this title.

To establish a prima facie case of retaliation, Dressler must prove by a preponderance of the evidence that "(1) [s]he engaged in protected conduct under Title VII; (2) [s]he suffered an adverse employment action; and (3) the adverse action is causally connected to the protected activity." White v. New Hampshire Dep't of Corr., 221 F.3d 254, 262 (1st Cir. 2000) (quoting Hernandez-Torres v. Intercontinental Trading, Inc., 158 F.3d 43, 47 (1st Cir. 1998)); Hoeppner v. Crotched Mountain Rehab. Ctr., 31 F.3d 9, 14 (1st Cir. 1994); see also Kearney v. Town of Wareham, No. 02-1264, slip op. at 11-12 (1st Cir. Dec. 10, 2002).

Reporting sexual harassment or initiating a charge of sexual harassment is a protected activity under Title VII. Hoeppner, 31 F.3d at 14. Dressler initiated a complaint against Daniel for sexual harassment that occurred while she was working at

-5-

Daniel's Pub in December of 1996.  Therefore, Dressler satisfies the first prong of a Title VII retaliation claim.

Dressler claims that she suffered an adverse employment action because of her hostile work environment at KMS and because she was denied prospective employment.  She contends that her employment at KMS suffered because she lost job responsibilities and her working environment became hostile as a result of Daniel's actions, which eventually forced her to terminate her employment at KMS.  Dressler also claims that Daniel interfered with future job opportunities through his conversation with a prospective employer.  Dressler, however, provides no proof that Daniel affected her employment or future employment.  Discussing the specific details of these two allegations is unproductive since these acts are barred by the filing period for retaliation claims under Title VII.

Title VII requires that an aggrieved individual exhaust his or her administrative remedies as a prerequisite to filing suit in federal court.  The individual must file a charge with the EEOC within 180 days after the alleged unlawful employment practice occurred.  42 U.S.C. § 2000e-5(e)(1).  The filing period operates as a statute of limitations.  In a deferral state, such as New Hampshire, the filing period is extended to 300 days.  Id.; 29 C.F.R. § 1601.74. Any claim for retaliatory acts beyond the filing period is barred because "[e]ach discrete discriminatory act starts a new clock for filing the charges alleging the act."  National

R.R. Passenger Corp. v. Morgan, 122 S.Ct. 2061, 2072 (2002) (holding that discrete discriminatory or retaliatory acts must be filed within the appropriate time period, but that in hostile work environment claims, the time limitation will not exclude acts that are part of the same unlawful employment practice if at least one act falls within the time period); see also Provencher v. CVS Pharmacy, Div. Of Melville Corp., 145 F.3d 5, 14 (1st Cir. 1998).

Since Dressler filed a complaint with the EEOC on May 15, 2000, the limitations period extends back to July 20, 1999.[2] Dressler claims that she was retaliated against (1) when she was denied a prospective employment opportunity at the Equity Group in the fall of 1998, (2) when she perceived a hostile work environment at KMS that resulted in her termination in December 1998, and (3) when Daniel filed complaints against her with the Henniker and Newbury Police Departments in March 1999.[3] The first two discreet acts of alleged retaliation fall outside the filing period; and as noted above, these acts are time barred. See Morgan, 122 S.Ct. at 2077. As to the third act, however, Dressler claims that she was not aware that the police complaints had been filed until August 3,

---

[2]The district court mistakenly stated in footnote one that the limitations period extended to July 20, 2000. This was a typographical error and did not affect the court's analysis.

[3]The district court incorrectly noted that Daniel filed his complaints in March 2000 instead of March 1999 and that Dressler did not find out about the complaints until August 2000 instead of August 1999. This, however, did not affect the district court's analysis.

1999. The district court assumed arguendo that Dressler's complaint was filed timely with regard to the police department complaints since she did not find out about the complaints until August 1999. We will also assume for analytical purposes that Dressler's EEOC complaint was filed timely as to the police department complaints. Therefore, the only relevant actions by the employer within the filing period are the complaints filed by Daniel with the police departments.

The district court assumed arguendo that the complaints to the police departments were sufficiently "adverse" to constitute actionable retaliation. See Hoeppner, 31 F.3d at 14-15. If we accept the district court's assumption that the filing of police complaints by Daniel constituted an adverse employment action, such action must be causally connected to the protected activity to maintain an action for a Title VII violation. White, 221 F.3d at 262. Dressler's claim can only survive if the evidence on the record could support a claim that Daniel's true motive for filing the complaints with the police department was Dressler's initiation of a sexual harassment claim in January 1997. See Hoeppner, 31 F.3d at 14; Kearney, No. 02-1264, slip op. at 12.

The district court properly found that the close temporal proximity to support a finding of retaliation was lacking. Since the initiation of the 1997 sexual harassment claim, the parties had a rather unusual relationship. Dressler claims that she and Daniel

engaged in a sexual relationship extending for over one year after the sexual harassment claim had been settled. The adverse actions charged by Dressler occurred after this sexual/romantic relationship had ended. Two years had elapsed between the time Dressler engaged in the protected activity of initiating a sexual harassment complaint against Daniel and the time of the alleged adverse action, Daniel's filing of the police complaints against Dressler. The district court found--and we agree--that no "reasonable trier of fact could conclude, by a preponderance of the evidence, that the 1999 complaints to the police were caused by the 1997 sexual harassment charge." Moreover, the inference of a causal connection becomes tenuous with the passage of time. Lewis v. Gillette Co., 22 F.3d 22, 25 (1st Cir. 1994) (granting summary judgment where more than two years elapsed between the protected conduct and the alleged retaliation); Mesnick v. General Elec. Corp., 950 F.2d 816, 828 (1st Cir. 1991) (holding that the nine month period between the protected conduct and alleged retaliation undermined the inference of causation).

Construing the record in the light most favorable to Dressler and resolving all reasonable inferences in her favor, we conclude that the record does not support a finding that Daniel's motive for filing a complaint was in response to Dressler's sexual harassment claim. See Gorski v. New Hampshire Dep't of Corr., 290 F.3d 466, 471 (1st Cir. 2002). In fact, the record suggests that

the nature of the interactions between the parties was such that, as the district court wrote, "events more recent than the discrimination charge were far more likely than the charge to have informed the state of the parties' relationship in March 1999." After the conclusion of the parties' sexual/romantic relationship in 1998, Daniel claims that Dressler contacted his wife and informed her of their sexual relationship.  This call coupled with constant calls and visits to Daniel at his place of business and home were the foundation for the complaints to the police by Daniel.

## III.

Dressler has not adduced evidence that would support a causal connection between the initiation of a sexual harassment action against Daniel and Daniel's filing of police complaints against Dressler.  Therefore, the district court's order granting summary judgment is affirmed.

**Affirmed**.