Antonio ROJAS, Plaintiff,

v.

Anthony PRINCIPI, Secretary of the Department of Veterans Affairs, Defendant.

No. CIV. 01–2560(RLA).

United States District Court, D. Puerto Rico.

July 19, 2004.

Elaine Rodríguez Frank, Esq., San Juan, PR, for Plaintiff.

Fidel A. Sevillano Del Rio, Esq., United States Attorney's Office, San Juan, PR, for Defendant.

### ORDER DISMISSING VARIOUS CLAIMS FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES AND GRANTING PARTIAL SUMMARY JUDGMENT

ACOSTA, District Judge.

Plaintiff instituted this action seeking relief under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, against ANTHONY PRINCIPI, Secretary of the DEPARTMENT OF VETERANS AFFAIRS (DVA). Plaintiff alleges discrimination based on physical disability, age, and race. The complaint challenges a total of seven (7) employment decisions which plaintiff claims were based on nonpermissible discriminatory reasons and/or motivated by retaliatory animus. Additionally, plaintiff alleges breach of a Settlement Agreement executed by the parties on **April 12, 1996**.

Defendant has moved the court to dismiss the first six (6) of the challenged employment decisions as well as the Title

VII and handicap claims asserted in the complaint pursuant to Rule 12(b)(6) Fed. R.Civ.P. for failure to exhaust administrative remedies. Additionally, defendant has requested that summary judgment be entered dismissing the remaining employment decision challenged on ADEA and retaliation grounds. No arguments were presented by the defendant in their motion with respect to the breach of agreement claim.

## BACKGROUND

Plaintiff ANTONIO ROJAS, born in 1935, has been occupying the position of auditor at the Fiscal Service of the DVA Medical Center in San Juan, Puerto Rico since approximately 1992.

In 1995 plaintiff filed an EEO complaint alleging color, national origin, age, and handicap discrimination due to DVA's fail-

ure to promote him to an Environmental Management Service Chief position. This matter was resolved via a Settlement Agreement entered into by the parties on **April 12, 1996.**

On **February 5, 2001** plaintiff submitted a breach of settlement claim before DVA's OFFICE OF RESOLUTION MANAGEMENT ("ORM") which was denied on **June 28, 2001** due to plaintiff's failure to exercise his administrative appellate rights regarding this determination.

Additionally, plaintiff made an initial contact with an EEO counselor on **February 5, 2001** challenging as discriminatory the DVA's failure to select him to various positions as well as certain personnel actions taken against him. The following specific claims were brought to the counselor's attention at the time:

| Basis | Claim | Date of Occurrence |
|---|---|---|
| Reprisal & age | (1) **Non-selection,** VA Announcement # 97–03 | 3/26/97 |
| | (2) **Non-selection,** VA Announcement # 98–19 | 4/20/98 |
| | (3) **Non-selection,** VA Announcement # 99–07 | 3/11/99 |
| | (4) **Written counseling** | 12/10/99 |
| | (5) **Proposed admonishment** | 3/22/00 |
| | (6) **Reprimand** | 9/26/00 |
| | (7) **Cancellation** of VA Announcement # 2000–114 | 2/5/01 |

On **March 23, 2001** plaintiff was put on notice by ORM that most of the aforementioned claims were stale and was requested to explain why he had not given notice thereof within the required 45 days. Plaintiff failed to provide any evidence or information regarding a timely contact with the pertinent counselor.

Only the last, i.e., seventh claim, challenging the cancellation of VA Announcement No. 2000–114 was accepted for investigation by the EEO as timely submitted but limited to age discrimination and reprisal grounds.

## RULE 12(b)(6)

In disposing of motions to dismiss pursuant to Rule 12(b)(6) Fed.R.Civ.P. the court will accept all factual allegations as true and will make all reasonable inferences in plaintiff's favor. *Frazier v. Fairhaven School Com.,* 276 F.3d 52, 56 (1st Cir.2002); *Alternative Energy, Inc. v. St.*

*Paul Fire and Marine Ins. Co.,* 267 F.3d 30, 33 (1st Cir.2001); *Berezin v. Regency Sav. Bank,* 234 F.3d 68, 70 (1st Cir.2000); *Tompkins v. United Healthcare of New England, Inc.,* 203 F.3d 90, 92 (1st Cir. 2000).

Our scope of review under this provision is a narrow one. Dismissal will only be granted if after having taken all well-pleaded allegations in the complaint as true, the Court finds that plaintiff is not entitled to relief under any theory. *Brown v. Hot, Sexy and Safer Prods., Inc.,* 68 F.3d 525, 530 (1st Cir.1995) *cert. den.* 516 U.S. 1159, 116 S.Ct. 1044, 134 L.Ed.2d 191 (1996); *Vartanian v. Monsanto Co.,* 14 F.3d 697, 700 (1st Cir.1994). Further, our role is to examine the complaint to determine whether plaintiff has adduced sufficient facts to state a cognizable cause of action. *Alternative Energy,* 267 F.3d at 36. The complaint will be dismissed if the court finds that under the facts as pleaded plaintiff may not prevail on any possible theory. *Berezin,* 234 F.3d at 70; *Tompkins,* 203 F.3d at 93.

## SUMMARY JUDGMENT

Rule 56(c) Fed. R. Civ. P., which sets forth the standard for ruling on summary judgment motions, in pertinent part provides that they shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Sands v. Ridefilm Corp.,* 212 F.3d 657, 660–61 (1st Cir.2000); *Barreto–Rivera v. Medina–Vargas,* 168 F.3d 42, 45 (1st Cir.1999). The party seeking summary judgment must first demonstrate the absence of a genuine issue of material fact in the record. *De-Novellis v. Shalala,* 124 F.3d 298, 306 (1st Cir.1997). A genuine issue exists if there is

sufficient evidence supporting the claimed factual disputes to require a trial. *Morris v. Gov't Dev. Bank of Puerto Rico,* 27 F.3d 746, 748 (1st Cir.1994); *LeBlanc v. Great Am. Ins. Co.,* 6 F.3d 836, 841 (1st Cir. 1993), *cert. denied,* 511 U.S. 1018, 114 S.Ct. 1398, 128 L.Ed.2d 72 (1994). A fact is material if it might affect the outcome of a lawsuit under the governing law. *Morrissey v. Boston Five Cents Sav. Bank,* 54 F.3d 27, 31 (1st Cir.1995).

In cases where the non-movant party bears the ultimate burden of proof, he must present definite and competent evidence to rebut a motion for summary judgment, *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256–257, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Navarro v. Pfizer Corp.,* 261 F.3d 90, 94 (1st Cir.2001); *Grant's Dairy v. Comm'r of Maine Dep't of Agric.,* 232 F.3d 8, 14 (1st Cir.2000), and cannot rely upon "conclusory allegations, improbable inferences, and unsupported speculation". *Lopez–Carrasquillo v. Rubianes,* 230 F.3d 409, 412 (1st Cir.2000); *Maldonado–Denis v. Castillo–Rodriguez,* 23 F.3d 576, 581 (1st Cir.1994); *Medina–Munoz v. R.J. Reynolds Tobacco Co.,* 896 F.2d 5, 8 (1st Cir.1990).

## THE SEVEN EVENTS

Inasmuch as defendant has not addressed the merits of the breach of settlement agreement claim we shall limit our review to the arguments presented by DVA regarding the seven employment decisions listed in plaintiff's administrative claim.

### Events 1–6

We must first note that the complaint exclusively cites Title VII as the basis for relief of all types of discrimination asserted by plaintiff, i.e., (1) race/national origin, (2) disability and (3) age. However, Title VII only addresses "race, color, religion, sex, or national origin" discrimination. 42

U.S.C. § 2000e–16(a). Disability discrimination in federal employment is specifically covered by the provisions of The Rehabilitation Act of 1973, 29 U.S.C. § 794 whereas age discrimination claims against the federal government are governed by the special provisions of the ADEA, specifically 29 U.S.C. § 633a.

We shall initially examine whether plaintiff has stated a valid cause of action under Title VII for events 1 through 6 previously listed. Additionally, because plaintiff has moved for leave to amend the complaint to assert a claim under The Rehabilitation Act we shall examine the viability of plaintiff's disability claim based on events 1 through 6 under The Rehabilitation Act standards. Lastly, in order to fully dispose of the issues presented via the aforementioned 1 through 6 events we shall also scrutinize them in light of the applicable ADEA procedural requirements.

### Cancellation of Vacancy Announcement

Once we have examined the viability of plaintiff's causes of action based on events 1 through 6 we shall proceed to determine whether" (1) plaintiff may now, for the first time, assert Title VII and disability claims based on the cancellation of Vacancy Announcement No. 2000–114 on **February 5, 2001**, and (2) summary judgment should be granted in defendant's favor on plaintiff's ADEA and reprisal claims premised on this cancellation.

### TITLE VII

■ The United States, as a sovereign, is immune from suit unless it waives its immunity by consenting to be sued. *See, United States v. Mitchell,* 463 U.S. 206, 212, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."). In 1972—

by way of an amendment to the Civil Rights Act of 1964—federal employees were allowed to vindicate claims of discrimination in employment based on "race, color, religion, sex, or national origin" via judicial proceedings. 42 U.S.C. § 2000e–16(a). These remedies are exclusive and mandate that employees first exhaust the pertinent administrative steps prior to resorting to the court for relief. *Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 94, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990); *Brown v. Gen. Servs. Admin.,* 425 U.S. 820, 829–30, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976). Hence, federal agencies "may only be sued in federal court if the aggrieved employee… has exhausted all available administrative remedies." *Misra v. Smithsonian Astrophsical Observatory,* 248 F.3d 37, 40 (1st Cir.2001). "[P]laintiffs could not proceed under Title VII without first exhausting administrative remedies." *Lebron–Rios v. U.S. Marshal Serv.,* 341 F.3d 7, 13 (1st Cir.2003). "Judicial recourse under Title VII, however, is not a remedy of first resort…." *Morales–Vallellanes v. Potter,* 339 F.3d 9, 18 (1st Cir. 2003). Plaintiff's "Title VII cause of action is limited to those discrimination and retaliation allegations in his … complaint that were previously the subject of a formal EEO complaint." *Id.*

The EQUAL EMPLOYMENT OPPORTUNITY COMMISSION ("EEOC") was assigned the responsibility of establishing the mechanisms and deadlines for employees to initiate the administrative process for claims based on discrimination encompassed within Title VII. *See* 42 U.S.C. § 2000e–16(b). The regulations issued thereunder provide that aggrieved employees must bring the discriminatory events to the attention of the EEO Counselor "within 45 calendar days of the date of the alleged discriminatory event, the effective date of an alleged discriminatory person-

nel action, or the date that the aggrieved person knew or reasonably should have known of the discriminatory event or personnel action". 29 C.F.R. § 1613.214(a)(1) (2000).

■ Failure to initially contact the counselor within the 45–day term provided by the regulations causes plaintiff to lose his right to subsequently bring suit in court. *Roman–Martinez v. Runyon,* 100 F.3d 213, 217 (1st Cir.1996). "[T]he law is clear that a federal employee filing a Title VII action must contact an EEO counselor within 30 [1] days of the event that triggers his claim." *Jensen v. Frank,* 912 F.2d 517, 520 (1st Cir.1990). *See also, Velazquez–Rivera v. Danzig,* 234 F.3d 790, 794 (1st Cir.2000) (administrative remedies not exhausted since no contact with EEOC counselor within the 45 days required by the regulations).

■ Time limitations for instituting discrimination suits are not jurisdictional and are therefore, subject to equitable tolling. *Irwin v. Dep't of Veterans Affairs,* 498 U.S. at 96, 111 S.Ct. 453, 112 L.Ed.2d 435. Similarly, the regulatory term to contact an EEO counselor may be extended based on equitable considerations, *Roman–Martinez,* 100 F.3d at 220; *Jensen v. Frank,* 912 F.2d at 521, as well as under the continuing violations doctrine. *Velazquez–Rivera v. Danzig,* 234 F.3d at 794; *Jensen,* 912 F.2d at 522.

Defendant contends that the events charged 1 through 6 events were not brought to the attention of its EEO counselor within the 45 days provided in the regulation and hence, should be dismissed. Plaintiff argues that all events charged are part of a continuing pattern of discrimination and/or retaliation and are thus timely under the continuing violations doctrine.

In *Nat'l R.R. Passenger Corp. v. Morgan,* 536 U.S. 101, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002) the Supreme Court redefined the factors to be used by the courts in examining allegations of continuing violations and did away with the "systemic" or "serial" dichotomy previously used for extending the limitations period. "*Morgan* eliminates the need for juries to determine whether there was a systemic or serial violation in order to invoke the continuing violations doctrine". *Crowley v. L.L. Bean, Inc.,* 303 F.3d 387, 410 (1st Cir.2002). The Supreme Court distinguished instead between "discrete discriminatory acts" and "hostile work environment claims" for purposes of determining the timeliness of Title VII actions.

■ According to the Supreme Court, "discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges. Each discrete discriminatory act starts a new clock for filing charges alleging that act." *Morgan,* 536 U.S. at 112, 122 S.Ct. 2061, 153 L.Ed.2d 106. The Supreme Court went on to list specific events which it concluded constituted distinctive actionable claims which marked the term for the limitations period to run.

> Discrete acts such as **termination, failure to promote, denial of transfer, or refusal to hire** are easy to identify. Each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable "unlawful employment practice."

*Morgan,* 536 U.S. at 114, 122 S.Ct. 2061, 153 L.Ed.2d 106 (emphasis ours).

■ On the other hand, "[h]ostile environmental claims are different in kind from discrete acts. Their very nature in-

---

**1.** The period for initially contacting the EEO counselor was originally 30 days. This term was extended to 45 days in the regulations effective 1992.

volves repeated conduct... The 'unlawful employment practice' therefore cannot be said to occur on any particular day. It occurs over a series of days or perhaps years and, in direct contrast to discrete acts, a single act of harassment may not be actionable on its own." *Morgan,* 536 U.S. at 115, 122 S.Ct. 2061, 153 L.Ed.2d 106. "As long as the employer has engaged in enough activity to make out an actionable hostile environment claim, an unlawful employment practice has 'occurred,' even if it is still occurring. Subsequent events, however, may still be part of the one hostile work environment claim and a charge may be filed at a later date and still encompass the whole." *Morgan,* 536 U.S. at 117, 122 S.Ct. 2061, 153 L.Ed.2d 106.

Illustrating the underlying difference between hostile work environment claims and other discrimination claims the Court of Appeals in *Campbell v. BankBoston, N.A.,* 327 F.3d 1, 11 (1st Cir.2003) stated that the limitations period for an alleged discriminatory change in retirement benefits plan began to run upon plaintiff being advised of the decision. Likewise, following the *Morgan* precedent in *Rosario Rivera v. P.R. Aqueduct And Sewers Auth.,* 331 F.3d 183, (1st Cir.2003) the court rejected plaintiff's notion that two employment transfers were part of a continuing violation for purposes of the [Title VII] limitations period under a hostile work environment scheme. Rather, the court specifically determined that each such transfer constituted " 'a separate and actionable unlawful employment practice.' " *Id.* at 188–89 (citing *Morgan,* 536 U.S. at 114, 122 S.Ct. at 2073). *See also, Dressler v. Daniel,* 315 F.3d 75 (1st Cir.2003) (two separate claims with individual limitations period accruing from the denial of prospective employment and termination from employment); *Miller v. New Hampshire Dept. of Corrections,* 296 F.3d 18, 22 (1st Cir.2002) (distinguishing "a discrete act of discrimination—as opposed to a pattern of harassing conduct that, taken as a whole, constitutes a hostile work environment [and falls within the continuing violations exception to the limitations period].") *Accord, Marrero v. Goya of Puerto Rico, Inc.,* 304 F.3d 7 (1st Cir.2002) finding hostile work environment claims timely under the *Morgan* premise.

■ Plaintiff has not contested his failure to bring any of the 1 through 6 events listed above to the attention of an EEO counselor claiming race/national origin discrimination within the regulatory period. Rather, he merely alleges these were: (1) covered by the 1995 charge and/or (2) the period was tolled under the continuing violations theory.

We find unconvincing plaintiff's argument that in 1995, six years earlier, he had complained of discrimination based on a myriad of discriminatory conditions including race/national origin, handicap and age somehow put defendant on notice of these same underlying discriminatory grounds for purposes of the exhaustion of administrative remedies requirement.

As clearly established in *Morgan,* discrete acts of discriminatory conduct constitute independent claims subject to individual limitations periods and may not be used as grounds for extensions based on the continuing violations doctrine. The first three events at issue, i.e., failure to select plaintiff for announced positions on three separate dates, are akin to a failure to promote or hire and are thus, unequivocally separate distinct events each of which carry its own independent limitations period under the *Morgan* postulate.

So too are the written counseling, proposed admonishment and reprimand identified as events 4 through 6 in the administrative proceedings which were also dismissed as untimely. These

events constitute specific employment occurrences with the potential for concrete adverse consequences on plaintiff's employment status. Hence, these three additional events do not meet the underlying criteria necessary to apply the continuing violations tolling mechanism under *Morgan*.[2]

According to the record before us it is undisputed that plaintiff brought these six matters—which range from **March 26, 1997** to **September 26, 2000**—to the attention of an EEO counselor for the first time on **February 5, 2001**. Thus, the most recent event was over four months old at the time the informal contact was made.

Based on the foregoing, we conclude that dismissal of the first six claims as listed above on timeliness grounds for having failed to bring them to the attention of an EEO counselor within the 45 days provided in the regulations is proper.[3]

 Additionally, we conclude plaintiff is prevented from asserting Title VII related claims for event number 7. The claim submitted by plaintiff in **February 2001** only listed age discrimination and retaliation as grounds for alleging the invalidity of DVA's cancellation of VA Announcement No. 2000–114. Hence, plaintiff failed to exhaust the prerequisite administrative remedies mandated for Title VII claims on this particular event. "[E]ven where such continuing violations are of the type we have recognized as tolling the limitations period, that would excuse **only** an untimely filing, not the failure to exhaust an administrative requirement." *Velazquez–Rivera v. Danzig*, 234 F.3d at 794 (emphasis ours).

Accordingly, discrimination claims asserted under Title VII for events 1 through 7 are hereby **DISMISSED** for failure to state a claim under Rule 12(b)(6) due to plaintiff's failure to exhaust administrative remedies.

## REHABILITATION ACT

Contrary to plaintiff's assertion, Title VII does not encompass handicap discrimination claims. Disability discrimination in federal employment is specifically covered by the provisions of The Rehabilitation Act of 1973, 29 U.S.C. § 794 which imposes equivalent exhaustion requirements. Plaintiff never brought challenges to any of the events listed in his administrative claim to the attention of the DVA on handicap discrimination grounds. Hence, failure to comply with the pre-complaint processing requirements of 29 C.F.R. § 1614.105 which mandate contact with an EEO counselor within 45 days of the allegedly discriminatory event will result in the

---

2. Plaintiff has not argued nor do we find any grounds for determining that he was not opportunely alerted of the events underlying the claims arising from events 1 through 7. Hence, we conclude that the 45 day notice period commenced to run from their respective dates of occurrence. *See,* 29 C.F.R. § 1613.214(a)(1) which provides that this term shall begin on "the date of the alleged discriminatory event, the effective date of an alleged discriminatory personnel action, or the date that the aggrieved person knew or reasonably should have known of the discriminatory event or personnel action".

3. Event number 6—the **September 26, 2000** claim regarding a reprimand—was also sub-

ject to dismissal because plaintiff elected to pursue the matter via a negotiated grievance procedure available to plaintiff rather than the EEO process. Even though plaintiff had available both mechanisms to challenge personnel actions, pursuant to 29 C.F.R. § 1614.107(a)(4) he was required to select only one of the routes to process his claim. Plaintiff having opted for the negotiated grievance procedure to deal with the **September 26, 2000** reprimand is now precluded from presenting it to the court for resolution in accordance with the provisions of § 1614.107(a)(4).

dismissal of any such claims under The Rehabilitation Act. *Roman–Martinez.*

█ Plaintiff has moved to amend the complaint to include claims under The Rehabilitation Act. Because any such amendment would prove futile due to plaintiff's failure to timely bring his matter to the attention of the EEO counselor, the request is **DENIED**. *See Maine State Bldg. and Constr. Trades Council, AFL CIO v. U.S. Dept. of Labor,* 359 F.3d 14, 18–9 (1st Cir.2004); *Resolution Trust Corp. v. Gold,* 30 F.3d 251, (1st Cir.1994).

Accordingly, handicap discrimination claims for events 1 through 7 are hereby **DISMISSED**.

## ADEA

█ Similarly, the ADEA has special procedural provisions applicable to federal employees alleging discrimination based on age.[4] Unlike private employees who must first resort to the EEOC,[5] aggrieved federal employees have a choice. They may follow the administrative route and subsequently institute judicial proceedings if dissatisfied with its results or they may elect to bypass the administrative process and proceed directly to federal court for relief. 29 U.S.C. § 633a(c) and (d). *Stevens v. Dept. of the Treasury,* 500 U.S. 1, 111 S.Ct. 1562, 114 L.Ed.2d 1 (1991); *Rossiter v. Potter,* 357 F.3d 26 (1st Cir.2004). The statute, however, imposes upon federal employees wishing to vindicate their rights directly with the court the duty to give the EEOC notice of their intent to sue "within one hundred and eighty days after

the alleged unlawful practice occurred." 29 U.S.C. § 633a(d). The complaint may then be filed in court not earlier than 30 days after the notice, *Stevens v. Dept. of the Treasury,* but no later than "two years from the date of the allegedly discriminatory act or practice". *Rossiter,* 357 F.3d at 27.

There is no evidence that plaintiff either instituted timely administrative proceedings contesting events 1 through 6 on age-related grounds nor that he complied with ADEA's statutory requirement to notify of his intent to sue within 180 days from each of those events.

Accordingly, plaintiff's challenges to events 1 through 6 on age discrimination grounds are **DISMISSED**. *See i.e., Velazquez–Rivera v. Danzig,* 234 F.3d at 795 (ADEA claim foreclosed for failure to define age as grounds for discrimination in the administrative stage).

Further, any amendment to the complaint to assert ADEA as legal grounds for these particular events would prove futile at this late date.

## CANCELLATION OF VACANCY ANNOUNCEMENT NO. 2000–114

This leaves plaintiff's seventh and last claim challenging the cancellation of VA Announcement No. 2000–114 in his **February 5, 2001** notice ripe for review by the court. We shall limit our examination to age discrimination and retaliation the only grounds examined by the Agency.[6]

---

**4.** In pertinent part the statute reads: "All personnel actions affecting employees or applicants for employment who are at least 40 years of age... shall be made free from any discrimination based on age." 29 U.S.C. § 633a(a).

**5.** 29 U.S.C. § 626(d).

**6.** Only age and reprisal were cited by plaintiff as grounds for his challenge to the cancellation in his contact with the Agency. Thus, as previously explained, plaintiff is now precluded from raising discrimination grounds based on race/national origin under Title VII and/or handicap pursuant to The Rehabilitation Act at the judicial level for the first time.

On **February 5, 2001** plaintiff was notified that VA Announcement No. 2000–114, for the position of Supervisory Staff Assistant, which plaintiff had applied for had been cancelled. Plaintiff challenged this decision on the basis of age discrimination and retaliation grounds. This was the only claim accepted for investigation by the ORM.

## Age Discrimination

■ Under the ADEA, an employer is liable if age was the motivating factor in the employer's decision. "That is, the plaintiff's age must have 'actually played a role in [the employer's decision making] process and had a determinative influence on the outcome'." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 141, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000) (*citing Hazen Paper Co. v. Biggins*, 507 U.S. 604, 610, 113 S.Ct. 1701, 123 L.Ed.2d 338 (1993)). Thus, in this case, plaintiff has the burden of establishing that DVA intentionally discriminated against him based on his age. *See, Shorette v. Rite Aid of Maine, Inc.*, 155 F.3d 8, 12 (1st Cir.1998).

■ Where, as here, there is no direct evidence of discrimination, the plaintiff may prove his case through the burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). *Rivera–Rodriguez v. Frito Lay Snacks Caribbean*, 265 F.3d 15, 25 (1st Cir.2001); *Feliciano v. El Conquistador*, 218 F.3d 1, 5 (1st Cir.2000). Under this framework, the plaintiff must prove that: (1) he was over forty (40) years of age; (2) his job performance was sufficient to meet his employer's legitimate job expectations; (3) he experienced an adverse employment action; and (4) the employer did not treat age neutrally. *See, Udo v. Tomes*, 54 F.3d 9, 12 (1st Cir.1995); *Goldman v. First Nat'l Bank of Boston*, 985 F.2d 1113, 1117

(1st Cir.1993). Once plaintiff has complied with this initial step the defendant must "articulate a legitimate nondiscriminatory reason" for the challenged conduct at which time presumption of discrimination fades and the burden then falls back on plaintiff who must then demonstrate that the proffered reason was a "pretext" and that the decision at issue was instead motivated by discriminatory animus. *Gu v. Boston Police Dept.*, 312 F.3d 6, 11 (1st Cir.2002); *Gonzalez v. El Dia, Inc.*, 304 F.3d 63, 69 (1st Cir.2002); *Zapata–Matos v. Reckitt & Colman, Inc.*, 277 F.3d 40, 44–45 (1st Cir.2002); *Feliciano v. El Conquistador*, 218 F.3d at 5; *Santiago–Ramos v. Centennial P.R. Wireless Corp.*, 217 F.3d 46, 54 (1st Cir.2000). "At this third step in the burden-shifting analysis, the *McDonnell Douglas* framework falls by the wayside because the plaintiff's burden of producing evidence to rebut the employer's stated reason for its employment action merges with the ultimate burden of persuading the court that she has been the victim of intentional discrimination." *Feliciano v. El Conquistador*, 218 F.3d at 6 (citing *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 256, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981)) (internal citations and quotation marks omitted).

■ Defendant's "burden is one of production, not persuasion" *Reeves*, 530 U.S. at 142, 120 S.Ct. 2097, 147 L.Ed.2d 105, and "[a]t all times, the plaintiff bears the 'ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff.'" *Gu v. Boston Police Dept.*, 312 F.3d at 11 (citing *Texas Dept. of Cmty. Affairs v. Burdine*, 450 U.S. at 253, 101 S.Ct. 1089). *See also, Reeves*, 530 U.S. at 143, 120 S.Ct. 2097, 147 L.Ed.2d 105.

■ The fact that the reasons proffered by the employer are discredited by

plaintiff does not automatically mandate a finding of discrimination. "That is because the ultimate question is not whether the explanation was false, but whether discrimination was the **cause** of the [conduct at issue]. We have adhered to a case by case weighing. Nonetheless, disbelief of the reason may, along with the prima facie case, on appropriate facts, permit the trier of fact to conclude the employer had discriminated." *Zapata–Matos,* 277 F.3d at 45 (citations omitted)(emphasis ours); *Reeves,* 530 U.S. at 147–48, 120 S.Ct. 2097, 147 L.Ed.2d 105.

In a summary judgment context the court must determine "whether plaintiff has produced sufficient evidence that he was discriminated against due to his national origin to raise a genuine issue of material fact." *Zapata–Matos,* 277 F.3d at 45; *Rivas Rosado v. Radio Shack, Inc.,* 312 F.3d 532, 534 (1st Cir.2002). Thus, summary judgment will be denied if once the court has reviewed the evidence submitted by the parties in the light most favorable to the plaintiff it finds there is sufficient evidence from which a trier of fact could conclude that the reasons adduced for the charged conduct are pretextual and that the true motive was discriminatory. *Santiago–Ramos v. Centennial,* 217 F.3d at 57; *Rodriguez–Cuervos v. Wal–Mart Stores, Inc.,* 181 F.3d 15, 20 (1st Cir.1999).

■ According to the record, after the vacancy announcement had been published and approximately ten applications received, management decided that the Prosthetic Service—and hence, the duties encompassed by the position—should be re-established as a separate service the same way services had been provided in the past. That is, rather than open a supervisory staff assistant position within the Rehabilitation Service it was converted instead into a separate service chief position.

According to the DVA's Human Resources Manager the cancellation took place without looking at the applications for the position and without knowing which age group would have been most affected by the decision. It was strictly a managerial decision based on efficiency concerns. Thus, even assuming plaintiff met his prima facie discrimination burden, defendant has proffered legitimate, non-discriminatory reasons supporting its determination which dispel any presumption of discrimination.

Not only has plaintiff failed to present any evidence to undermine the validity of the proffered reasons for the cancellation as pretextual but there is no evidence in the record whatsoever of age-based discriminatory animus. Plaintiff has not shown any facts indicative that cancellation of the notice—and the ensuing restructuring of the services—was prompted by defendant's intent on favoring a younger candidate.

Accordingly, defendant's request to enter summary judgment dismissing plaintiff's age discrimination claim based on cancellation of VA Announcement No. 2000–114 is **GRANTED** and the same is hereby **DISMISSED**.

### Reprisal

According to the record on **October 3, 1995** plaintiff filed an EEOC complaint arguing that his non-selection to a position in DVA was due to his age, color, national origin and disability. The matter was disposed of by a Settlement Agreement between the parties executed on **April 12, 1996**. Plaintiff claims that the rescission of the vacancy announcement in **February 2001** was in reprisal to his **1985** discrimination claims.

■ Plaintiff has not submitted any direct evidence of reprisal. When only circumstantial evidence of discriminatory retaliation is available the *McDonnell*

*Douglas* burden-shifting analysis is also utilized. Hence, "plaintiff must make a prima facie showing of retaliation by presenting evidence that (1) he engaged in protected conduct, (2) he was thereafter subjected to an adverse employment action, and (3) a causal connection existed between the protected conduct and the adverse action." *Che v. Mass. Bay Transp. Auth.*, 342 F.3d 31, 38 (1st Cir. 2003); *Benoit v. Technical Mfg. Corp.*, 331 F.3d 166, 175 (1st Cir.2003); *Gu v. Boston Police Dept.*, 312 F.3d at 6 (1st Cir.2002). "Once a prima facie case has been presented...an inference of discrimination arises. The employer is then required to offer a non-discriminatory reason for the employment action in question." *Che*, 342 F.3d at 39 (citations omitted).

There is no dispute that plaintiff's **1985** complaint constitutes protected conduct for purposes of 42 U.S.C. § 2000e–3. Assuming then that the cancellation of the position meets the adverse action requirement it then behooves plaintiff to submit sufficient evidence for a jury to find that the two were causally related. That is, that the adverse employment action resulted from the filing of his **1985** complaint.

 Given the inordinate amount of time which elapsed between the original complaint filed on **October 3, 1995** and settled through a mutual agreement on **April 12, 1996** and the cancellation of the vacancy announcement on **February 5, 2001** we find that there is insufficient evidence for a jury to find that these two were causally related. *See, Dressler v. Daniel*, 315 F.3d at 80 ("[T]he inference of a causal connection becomes more tenuous with time."); *Mesnick v. Gen. Elec. Co.*, 950 F.2d 816, 828 (1st Cir.1991) (observing that a nine-month period between the protected conduct and adverse action suggested the absence of any causal connection). *Benoit*, 331 F.3d at 175.

Plaintiff has not shown any factors connecting his prior protected activity with the vacancy cancellation involved in this case necessary to establish an inference of retaliation. Hence, he has not met his prima facie burden of reprisal.

Further, the justifications advanced by management for its decision to restructure the position and elevate it to a Service Chief position appear reasonable and well-founded and in no way seem motivated either by plaintiff's age or in reprisal for his previous discrimination complaint. After having considered the alternatives available DVA decided it was more efficient and productive to detach the Prosthetic Service from the Rehabilitation Service and reestablish it as a separate unit as it had operated in the past. As a consequence thereof the announced Supervisor Staff Assistant position was rendered unnecessary and the need for a Service Chief position materialized instead.

Thus, even assuming *arguendo* that plaintiff met his initial burden defendant has explained that the vacancy announcement was withdrawn because, upon further examination by management, it was decided that those responsibilities were better handled through a different classification and rank. Accordingly, any inference of reprisal disappeared and plaintiff must still prove retaliation and present evidence that the proffered reasons are pretextual. *Che*, 342 F.3d at 39

The uncontroverted evidence suggests that when cancellation was ordered no attention had been given to plaintiff's prior complaint. Hence, we find that there is no evidence from which a reasonable jury could find that the rescission of the vacancy announcement was a pretext for retaliating against plaintiff for having filed a discrimination complaint close to six years before.

Based on the foregoing we find that plaintiff has failed to meet his burden of establishing that defendant's decision to cancel the vacancy announcement in **February 2001** was in reprisal for his **1985** complaint. Accordingly, defendant's request for summary judgment is proper regarding plaintiff's retaliation claim.

## BREACH OF SETTLEMENT AGREEMENT

Defendant having failed to address the merits of plaintiff's claim for breach of the Settlement Agreement executed by the parties on **April 12, 1996** in its dispositive motion this cause of action remains undisturbed.

## CONCLUSION

Based on the foregoing, defendant's Motion for Summary Judgment (docket No. 24) [7] is **GRANTED** as follows:

All claims arising from events 1 through 7 are hereby DISMISSED pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted for having failed to exhaust administrative remedies.

All Title VII, i.e., race/national origin as well as disability claims premised on VA Announcement No. 2000–114 are hereby **DISMISSED** pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted for having failed to exhaust administrative remedies.

Summary judgment is hereby **GRANTED** and plaintiff's claims based on age and reprisal based on the cancellation of Vacancy Announcement No. 2000–114 are hereby **DISMISSED**.

Partial Judgment shall be issued accordingly.

IT IS SO ORDERED.

## *PARTIAL JUDGMENT DISMISSING VARIOUS CLAIMS FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES AND GRANTING PARTIAL SUMMARY JUDGMENT*

Pursuant to the Order issued by the court on this date, it is hereby,

ORDERED AND ADJUDGED that All claims arising from events 1 through 7 are hereby **DISMISSED** pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted for having failed to exhaust administrative remedies.

It is further ORDERED AND ADJUDGED that all Title VII, i.e., race/national origin as well as disability claims premised on VA Announcement No. 2000–114 are hereby **DISMISSED** pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted for having failed to exhaust administrative remedies.

It is further ORDERED AND ADJUDGED that summary judgment is hereby **GRANTED** and plaintiff's claims based on age and reprisal based on the cancellation of Vacancy Announcement No. 2000–114 are hereby **DISMISSED**.

IT IS SO ORDERED.

---

7. *See also* Plaintiff's Opposition (docket No. **25**); Defendant's Reply (docket No. **26**) and plaintiff's sur-reply (docket No. **27**).