Emelyn **VIDAL,**[1] **Plaintiff(s)**

v.

**DORAL BANK CORPORATION,**
**Defendant(s).**

**Civil No. 03–1870(JAG).**

United States District Court,
D. Puerto Rico.

March 22, 2005.

---

1. Emelyn Vidal is a resident of Miami, Florida, jurisdiction in this case is, however, predicated under 28 U.S.C. § 1331 (federal question).

Peter J. Porrata, San Juan, PR, for Plaintiff.

Jose A. Nolla–Mayoral, McConnell Valdes, San Juan, PR, for Defendant.

## OPINION AND ORDER

GARCIA–GREGORY, District Judge.

Pending before the Court is defendant Doral Bank's ("Doral") Motion to Dismiss (Docket Nos. 29, 31) and Motion for Reconsideration of the Court's August 6, 2004 Order(Docket No. 36).

## FACTUAL BACKGROUND

On October 2001, Emelyn Vidal ("Vidal") visited Doral's Personnel Office to look for employment. She filed an application and was immediately interviewed by Doral's personnel director at the time. The screening interview lasted approximately thirty (30) minutes. There, Vidal was informed that she was qualified for several positions in the loss mitigation, collections, teller, customer service and sales department.

A few weeks later, Vidal received a call from the Personnel Director informing her that she had a scheduled interview with the Assistant Manager of the Mitigation Department. In this meeting Vidal was informed that she was being interviewed for a collector's position in the Mortgage Department. The Assistant Manager disclosed the information about the position's salary, employee procedures, structured bonuses, holidays and medical benefits. Vidal was asked what her former salary was. When she disclosed this information, the interviewer allegedly told Vidal that she could not expect such a salary at her age (45 years old). At the end of the interview, Vidal was told that she would commence on the following Monday, with a starting salary of $1,400, plus bonuses and fringe benefits.

Three (3) weeks later Vidal received another telephone call from the Personnel Director to inform her of another group

interview at Doral.[2] At this meeting, Vidal was told that she was being interviewed for a bank teller position and that she would need to take a math and logic aptitude test. Vidal took the test, passed it, and was informed that she would be further called if a job opening arose. Vidal was never called.

## PROCEDURAL BACKGROUND

On October 8, 2002, Vidal filed a complaint before the EEOC and the Anti Discrimination Unit (ADU) alleging that she was not hired by Doral due to her age. On December 16, 2002, Vidal requested a Right–to–Sue letter form the ADU. On May 14, 2003, she requested another Right–to–Sue letter from the EEOC.

On August 13, 2003, Emelyn Vidal filed this federal action against Doral Bank under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e; Age Discrimination in Employment Act, 29 U.S.C §§ 621–634; and Puerto Rico's Law 100, 29 L.P.R.A. § 155(a)-(1).

### 1. *Doral's Motion to Dismiss*

On May 6, 2004, Doral filed a Motion to Dismiss alleging, *inter alia*, that the complaint should be dismissed 1) under the doctrine of judicial estoppel and because 2) plaintiff lacks standing to continue litigating this case.

#### i. *Judicial Estoppel*

On March 1, 2004, Vidal filed a voluntary petition for Chapter 7 Bankruptcy in the United States Bankruptcy Court for the Northern District of Texas.[3] On March 31, 2004, the bankruptcy trustee certified and concluded that there were no assets to administer for the benefit of creditors of the estate. Accordingly, the trustee prayed in his report to be discharged from office. It is still unknown whether the Bankruptcy Court has adopted the trustees findings accordingly, discharging Vidal's debts.

Doral argues that despite Vidal's knowledge of her claims against Doral, she failed to list the suit against Doral as part of the bankruptcy estate assets. Doral moves to dismiss the case based on the doctrine of judicial estoppel for failure to disclose this cause of action to the Bankruptcy Court.

On September 28, 2004, almost five months after Doral filed its Motion to Dismiss, Vidal requested leave to file an opposition. In this filing, Vidal did not include a memorandum of law to support her position; counsel for plaintiff simply stated that it took him a few months to contact Vidal about the matters raised by Doral in its motion. It is argued, however, that on June 3, 2004, Vidal filed an Amended Schedule in the Bankruptcy proceedings to include the suit against Doral as part of her property assets. Appended to the motion is the amended schedule of assets. Naturally, Doral filed a Motion to Strike Vidal's opposition as untimely. Doral argues that Vidal intentionally and deliberately concealed the employment discrimination claim from the Bankruptcy Court and her creditors, and that therefore, she should be judicially estopped from pursuing her claim. The Court, although not pleased with Vidal's *modus operandi*, will make an exception and accept the belated opposition, given that turning a blind eye to it would yield results contrary to law.

---

**2.** It is unknown at this point, whether Vidal declined the position as a collector in the Mortgage Department.

**3.** On October 20, 2003, Vidal also filed a voluntary petition for a Chapter 13 Bankruptcy in the United States Bankruptcy Court for the Southern District of Florida. Vidal, however, voluntarily dismissed this case.

■ It has been established that "debtor's obligation to fully disclose all assets and interests in property continues throughout case and requires debtor to amend its schedules whenever it becomes necessary in order to insure accuracy and reliability of information disclosed therein." *In re Oakan's Foods, Inc.*, 217 B.R. 739 (E.D.Pa.1998); *See* 11 U.S.C. § 521(1), § 541, § 1306(a)(1); *see also Jeffrey v. Desmond*, 70 F.3d 183, 186 (1st Cir.1995) (where the Court held that the debtor has a burden to list assets or amend schedules before close of bankruptcy case in order for property to be abandoned by operation of law).

■ Here, Vidal presumably amended her schedule of assets before the closing of the bankruptcy case. Therefore, this employment discrimination action is a property of the bankruptcy estate, not the debtor's. *See United States v. Shadduck*, 112 F.3d 523, 528 (1st Cir.1997). Accordingly, the Court will not dismiss the claim on judicial estoppel grounds given that Vidal, in filing her amended schedule, *is no longer* "asserting a position in one legal proceeding which is contrary to a position it has already asserted in another." *Patriot Cinemas, Inc. v. General Cinema Corp.*, 834 F.2d 208, 212 (1st Cir.1987).

ii. *Lack of Standing*

Doral alternatively argues that this case should be dismissed because, as property of the bankruptcy estate, the bankruptcy trustee, and not the debtor, has exclusive standing to pursue this cause of action. Given that Vidal failed to address this matter, the Court shall review this issue without the benefit of an opposition.

■ A plaintiff has standing to assert a claim if: (1) she can show that she has suffered an injury in fact that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical;

(2) the injury is fairly traceable to conduct of the defendant; and (3) it is likely, not just merely speculative, that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–561, 112 S.Ct. 2130, 119 L.Ed.2d 351(1992). Furthermore, Federal Rule of Civil Procedure 17(a) states that "[e]very action shall be prosecuted in the name of the real party in interest."

■ Courts have held that a Trustee is the real party in interest with exclusive standing to assert claims which are property of the bankruptcy estate. *Barger v. City of Cartersville, Ga.*, 348 F.3d 1289, 1292 (11th Cir.2003) *citing Wieburg v. GTE Southwest Incorporated*, 272 F.3d 302, 306 (5th Cir.2001); *Welsh v. Quabbin Timber, Inc.*, 199 B.R. 224, 229 (D.Mass. 1996) (holding that debtor lacks standing to pursue action even over unscheduled claims). Accordingly, it is the Trustee, not Vidal, who is the real party in interest with standing to continue pursuing this action.

Notwithstanding, Rule 17(a) provides that "[n]o action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest." Accordingly, the Bankruptcy Trustee is given 45 days from the entering of this order to substitute Vidal or join her in this suit. If a response is not received within the established deadline, the Court shall dismiss the case for want of jurisdiction.

2. *Doral's Motion for Reconsideration*

On August 6, 2004, the Court issued an Order denying Doral's request to dismiss

Vidal's Title VII claims for failure to exhaust administrative remedies. (Docket No. 35). At that time, the Court denied Doral's request because it failed to cite a single authority that upheld dismissal of the Title VII claims for failure to mark the check box on the EEOC complaint.

On August 16, 2004, Doral filed a Motion for Reconsideration further supporting its contention that Vidal had failed to exhaust administrative remedies with respect to her Title VII claims. (Docket No 36). Again, Doral maintains and supports its position that Vidal's failure to mark/check the discrimination claim box in the EEOC complaint, precludes her from asserting a cause of action under Title VII. To this date, said Motion for Reconsideration remains unopposed.

As a general rule, the exhaustion of administrative remedies before the EEOC is a prerequisite to a suit under Title VII. *Lebron–Rios v. U.S. Marshal Service*, 341 F.3d 7, 12 (1st Cir.2003). It has been held that a claimant's Title VII cause of action is limited to those discrimination allegations in the complaint that have been under the scrutiny of a formal EEOC complaint. *Morales–Vallellanes v. Potter*, 339 F.3d 9, 18 (1st Cir.2003). Accordingly, some Courts have dismissed claims that failed to comply with EEOC requirements upon marking or checking the appropriate discrimination claim box. *See Rojas v. Principi*, 326 F.Supp.2d 267, 276 (D.P.R. 2004) (where the Court dismissed plaintiff's Title VII claims for failure to exhaust remedies because plaintiff only listed age and retaliation claims in his administrative complaint); *Sloop v. Memorial Mission Hosp., Inc.*, 198 F.3d 147, 149 (4th Cir. 1999). Furthermore, in *Velazquez–Rivera v. Danzig*, 234 F.3d 790, 795 (1st Cir.2000), the First Circuit affirmed the District Court's dismissal of plaintiff's age and reprisal claims for failure to either check the appropriate boxes on the EEOC form or allude to the claims in the administrative complaint.

Here, Vidal only marked the ADEA and Law 100 boxes in her EEOC complaint. Furthermore, neither her administrative complaint nor her complaint before the Court assert any factual claims that amount to a discrimination under Title VII. Consequently, Vidal's Title VII claim must now perish, leaving her with an age discrimination claim and a pendent state claim under Law 100.[4]

## CONCLUSION

In light of the foregoing, the Court **DENIES** Doral's Motion to Dismiss (Docket No. 28), **GRANTS** its Motion for Reconsideration (Docket No. 36) and **DISMISSES** Plaintiff's Title VII claims *with prejudice* for failure to exhaust administrative remedies. Pursuant to the opinion set forth today, the Bankruptcy Trustee for case 04–42319 at the United States Bankruptcy Court for the Northern District of Texas, shall make an appearance before *May 06, 2005* as the real party in interest to substitute or join the plaintiff in the instant case. Otherwise, the Court shall dismiss this case for lack of standing.

IT IS SO ORDERED.

---

**4.** Because plaintiff has failed to formalize the Title VII–EEOC complaint within the 300–day limitations period the dismissal is with prejudice. *Lebron–Rios, supra,* at 12 n. 5.